PER CURIAM
*406 *805 Appellant's commitment hearing was held eleven days after he was taken into custody for involuntary treatment, and he seeks reversal of an order committing him to the Mental Health Division for a period not to exceed 180 days, ORS 426.130. He argues, among other things, that the trial court erred in failing to dismiss the case because the commitment hearing was not held within five judicial days after he was taken into custody for involuntary treatment. See State v. J. N. , 279 Or. App. 607, 377 P.3d 695 (2016) (citing ORS 426.232(2), ORS 426.233(1), and ORS 426.095(2)(a), in reversing a commitment order because the hearing was held more than five days after the appellant was taken involuntarily into custody for mental health treatment); State v. E. R. , 283 Or. App. 282, 283, 387 P.3d 497 (2016) (same).[1] Although appellant did not preserve his claim of error, he requests that we review it as plain error. ORAP 5.45(1). The state concedes that the failure to dismiss is one of law apparent on the face of the record, and we accept the concession. We also exercise our discretion to correct the plain error because holding appellant two judicial days longer than what was permissible was a grave error. Consequently, we reverse the commitment order.
Reversed.

In State v. L. O. W. , 292 Or. App. 376, --- P.3d ---- (2018), decided today, we reversed the appellant's commitment order. The appellant was involuntarily hospitalized for more than five days without a hearing. Id. at 377, --- P.3d ----.