PER CURIAM
*200 Appellant seeks reversal of a judgment committing him to the Mental Health Division for a period not to exceed 180 days. ORS 426.130. Appellant contends that the judgment should be reversed because the court failed to issue a citation to appellant as required by ORS 426.090.[1] Appellant acknowledges that he did not preserve his assignment of error, but requests that we review and correct the error as plain error. ORAP 5.45(1). The state concedes that the trial court plainly erred and that the judgment of commitment should be reversed. We agree and accept the state's concession.
Under ORS 426.090, the court is required to issue a citation to a person alleged to have a mental illness that contains specific information, including the nature of the information filed concerning the person and the person's rights with respect to the proceeding. In this case, the court file does not contain a citation that complies with ORS 426.090, nor does it appear on the record that appellant was served with one. Instead, the file contains a certificate of service certifying that appellant was served with "Mental Health Hearing" the day before his mental commitment hearing. That appears to be a reference to a hearing notice issued and filed by the court, which solely provided the date, time, and location of appellant's commitment proceeding.
The court's failure to issue a citation in conformance with ORS 426.090 constitutes plain error. ORS 426.070 sets out the procedure for initiating commencement proceedings, and ORS 426.070(5)(a) requires the court to issue a citation *201 under ORS 426.090 to cause the person to be brought before it for the commitment hearing. Here, the court plainly erred when it failed to comply with that procedure.
We also conclude that it is appropriate to exercise our discretion to correct the plain error in this case. Although appellant was advised of his rights at the start of the hearing, as required by ORS 426.100, that advisement did not include all of the information required by ORS 426.090 to appear in a certificate. Specifically, appellant was not advised, before the taking of evidence against him, of "the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness." Thus, the error was not *57 harmless. In addition, for the reasons stated in State v. M. L. R. , 256 Or. App. 566, 570-71, 303 P.3d 954 (2013) -viz. , the nature of civil commitment proceedings, the gravity of the violation, and the ends of justice-we conclude that it is appropriate to exercise our discretion to correct the error in this case.
Reversed.

ORS 426.090 provides:
"The judge shall issue a citation to the person alleged to have a mental illness stating the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness. The citation shall further contain a notice of the time and place of the commitment hearing, the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed, the right to subpoena witnesses in behalf of the person to the hearing and other information as the court may direct. The citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing. The person shall have an opportunity to consult with legal counsel prior to being brought before the court."