Submitted August 7, reversed September 23, 2020

In the Matter of R. E. J.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

R. E. J.,
*Appellant.*

Yamhill County Circuit Court
19CC06436; A172953

474 P3d 461

Cynthia L. Easterday, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days based on a finding that he is a person with mental illness. ORS 426.130. Appellant contends, in his second assignment of error, that the trial court plainly erred in conducting the commitment hearing "upon a citation or warrant of detention that failed to comply with the procedures required by ORS 426.080." The state concedes that the trial court plainly erred in that regard and that the judgment should be reversed. We agree and accept the state's concession.

The court must issue a citation to a person alleged to have a mental illness, stating the reasons for that allegation, the time and location of the commitment hearing, the person's right to an attorney or to have one appointed, and the right to call and subpoena witnesses. ORS 426.090. The citation "shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing," and the person must have the opportunity to consult with legal counsel before the hearing. *Id*. The court may issue a warrant of detention if it finds probable cause to believe that a failure to take a person into custody prior to a pending commitment hearing or investigation would pose serious harm or danger to the person or others. ORS 426.070(5)(b)(A) (2017), *amended by* Or Laws 2019, ch 247, § 1. Under ORS 426.080, "[t]he person serving a warrant of detention or the citation provided for by ORS 426.090 shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court."

In this case, although the court issued a citation for the commitment hearing and a warrant of detention, there is no record of a return of service, showing the time, place, and manner of service, of either document, as required by ORS 426.080. Given that lack of evidence of service on appellant, the trial court plainly erred in holding the commitment hearing. *Cf. State v. R. E. F.*, 299 Or App 199, 200-01, 447 P3d 56 (2019) (holding that a trial court's failure to issue a citation in conformance with ORS

426.090 constituted plain error). Moreover, the seriousness of civil commitment proceedings, the gravity of the violation (including that the record does not disclose whether appellant received the information and protections provided by ORS 426.090 before the start of the hearing), and the ends of justice all counsel in favor of us exercising our discretion to correct the error. *Cf., e.g., State v. S. J. F.*, 247 Or App 321, 325-26, 269 P3d 83 (2011) (plain error review of violations of ORS 426.100(1), requiring advice of rights, "is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice"; purpose of the statute is to ensure that an alleged mentally ill person "receives the benefit of a full and fair hearing" before suffering the serious consequences attendant to civil commitment (internal quotation marks omitted)). We therefore reverse the judgment of commitment.[1]

Reversed.

---

[1] That disposition obviates the need for us to address appellant's first assignment of error (contending that the trial court plainly erred "in issuing a citation when the pre-commitment investigator failed to comply with involuntary commitment procedures").