Submitted September 4, reversed October 21, 2020

In the Matter of J. R. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. R. W.,
*Appellant.*

Linn County Circuit Court
20CC00499; A173590

475 P3d 138

Michael B. Wynhausen, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the Mental Health Division for a period not to exceed 180 days, and an order prohibiting him from purchasing or possessing firearms. Appellant contends he is entitled to reversal because the record does not demonstrate that the citation required to issue pursuant to ORS 426.090 was served on him. That statute requires a court to issue a citation to an allegedly mentally ill person that contains information including "the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed," as well as "the right to subpoena witnesses in behalf of the person to the hearing." That statute also requires that "[t]he citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." ORS 426.080 specifies that the person serving such a citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." Appellant contends that the lack of a certificate of service in the record constitutes plain error. Pointing to our decision in *State v. R. E. F.*, 299 Or App 199, 200-01, 447 P3d 56 (2019), the state agrees and concedes the error.

We accept the concession. Much as in *R. E. F.*, we agree that the failure to comply with ORS 426.080 and ORS 426.090 constitutes plain error in this case as well. In light of the gravity of the error, we exercise our discretion to correct the error. *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382-83, 823 P2d 956 (1991) (setting out factors to consider in the exercise of discretion).

Reversed.