Submitted November 8, 2019, affirmed March 3, 2021

In the Matter of K. R. B.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

K. R. B.,
*Appellant.*

Lane County Circuit Court
18CC06435; A169515

482 P3d 134

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days based on the trial court's determination that appellant is a person who, because of mental illness, cannot care for his basic needs and would not comply with voluntary treatment. Appellant does not challenge the determination that he has mental illness. He contends only that the judgment should be reversed because the trial court served him with a citation at the commencement of the hearing rather than before the hearing commenced, in violation of ORS 426.090. Appellant acknowledges that he did not preserve his assignment of error but asks the Court of Appeals to review and correct the error as plain error. *Held*: The Court of Appeals assumed, without deciding, that the service of the citation at the commencement of the hearing rather than before the hearing commenced was plain error. But the court declined to exercise its discretion to correct the error. The court concluded that the error was harmless, because there was no basis on which to conclude that the service of the citation at the commencement of the hearing caused appellant not to receive the benefits of a full and fair hearing.

Affirmed.

Maurice K. Merten, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days, ORS 426.130(1)(a)(C), based on the trial court's determination that appellant is a person who, because of mental illness, cannot care for his basic needs and would not comply with voluntary treatment. ORS 426.005(1)(f)(B) (defining a person with mental illness). Appellant does not challenge the determination that he has mental illness. He contends only that the judgment should be reversed because the court erred in failing to serve him with a citation before the hearing, as required by ORS 426.090. Appellant acknowledges that he did not preserve his assignment of error but asks that we review and correct the error as plain error. ORAP 5.45(1).

Under ORS 426.090, the trial court is required to issue and serve a citation on a person alleged to have a mental illness "prior to the hearing":

> "The judge shall issue a citation to the person alleged to have a mental illness stating the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness. The citation shall further contain a notice of the time and place of the commitment hearing, the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed, the right to subpoena witnesses in behalf of the person to the hearing and other information as the court may direct. The citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing. The person shall have an opportunity to consult with legal counsel prior to being brought before the court."

We have recently held that a failure to serve a citation before the hearing is plain error. *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020); *State v. R. E. F.*, 299 Or App 199, 447 P3d 56 (2019).

Here, the court served appellant with a citation and an attached investigation report at the start of the hearing. Appellant contends that the court's error is plain, because the citation was not served before the hearing and, in the

interests of due process, should have been served no later than 24 hours before the hearing, and that we should exercise our discretion to review and correct the error.

We have in the past exercised our discretion to review as plain error a failure to issue or properly serve the citation required by ORS 426.090. In *R. E. J.*, although the citation had issued, there was no evidence that the appellant had been served with it. We exercised our discretion to correct the error in failing to serve the citation, in light of the seriousness of civil commitment proceedings, the gravity of the violation when the record does not disclose whether the appellant received the information and protections provided by ORS 426.090 before the start of the hearing, and the ends of justice. 306 Or App at 649. In *R. E. F.*, we cited the same grounds for exercising our discretion to review plain error where the record did not show that a citation had been issued, noting that the appellant had not been advised, before the taking of evidence against him, of the information required to be included in the citation—"the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness." 299 Or App at 201. *See also State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020) (exercising discretion to review as plain error failure to serve citation); *State v. S. J. F.*, 247 Or App 321, 325-26, 269 P3d 83 (2011) (plain error review of violations of ORS 426.100(1), requiring advice of rights, "is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice"; purpose of the statute is to ensure that an alleged mentally ill person "receives the benefit of a full and fair hearing" before suffering the serious consequences attendant to civil commitment (internal quotation marks omitted)).

Here, the state contends that, even if the failure to serve appellant before the commencement of the hearing constitutes plain error, we should choose not to exercise our discretion to review and correct it, because any error was harmless. We agree.

Appellant was served with the citation the moment after the court called the hearing to order and before any

evidence had been taken, and the citation included the information required by ORS 426.090. The court provided appellant with a complete advice of rights. Appellant and his attorney appeared at the hearing and participated throughout, and the record does not indicate that the delay in service of the citation caused appellant or counsel not to be informed of the bases for the commitment or not to have adequate time or information to prepare for the hearing. On this record, there is no basis on which to conclude that the service of the citation at the commencement of the hearing caused appellant not to receive the benefits of a full and fair hearing. We conclude, therefore, that any error was harmless. *See State v. Ritzman*, 192 Or App 296, 298, 84 P3d 1129 (2004) (holding that failure to advise the appellant of the information required by ORS 426.100(1) was harmless where the appellant had received a written notice that contained all of the required information, the notice had been read to her, and she had signed and dated it). Therefore, even assuming that the service of the citation at the commencement of the hearing—rather than before the hearing commenced—was plain error, we decline to exercise our discretion to review and correct the error. *See State v. Kerne*, 289 Or App 345, 349-50, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) ("One circumstance in which we will not and cannot exercise our discretion to correct a plain error is when that error is harmless[.]").

Affirmed.