Submitted March 5, reversed April 21, 2021

In the Matter of C. T.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. T.,
*Appellant.*

Klamath County Circuit Court
20CC05255; A174667

485 P3d 312

Cameron F. Wogan, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of a judgment committing her to the Mental Health Division for a period not to exceed 180 days and an order prohibiting her from purchasing or possessing firearms. ORS 426.130. She contends that both must be reversed because the court failed to issue a citation to her as required by ORS 426.090, which provides, among other things, that a citation must contain "the specific reasons the person is believed to be a person with mental illness." As the state concedes, we have found reversible plain error in situations where no citation was issued. *See State v. R. E. F.*, 299 Or App 199, 447 P3d 56 (2019) (exercising discretion to correct plain error given the gravity of the violation). We further note that this case is distinguishable from *State v. K. R. B.*, 309 Or App 455, 482 P3d 134 (2021), in which we declined to exercise discretion to correct an error, where a citation was served belatedly at the commitment hearing but the record nonetheless established that the appellant in that case had been advised of his rights as required by ORS 426.090. Here, appellant was not so advised, and no citation was ever issued. For the reasons set forth in *R. E. F.*, we exercise our discretion to review and correct the error.

Reversed.