Submitted April 2, reversed May 5, 2021

In the Matter of J. M.-G.,
a Person Alleged to have Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

### J. M.-G.,
*Appellant.*

## Linn County Circuit Court
20CC05799; A174717

487 P3d 876

David E. Delsman, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the Department of Human Services for a period not to exceed 180 days, and an order prohibiting him from purchasing or possessing firearms, based on a finding of mental illness. He contends that he is entitled to reversal because no citation was served on him as required by ORS 426.090. That statute requires a court to issue a citation to an allegedly mentally ill person that contains information including "the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed," as well as "the right to subpoena witnesses in behalf of the person to the hearing." That statute also requires that "[t]he citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." ORS 426.080 specifies that the person serving such a citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." Although appellant did not raise this issue in the trial court, he contends that this is plain error. The state concedes that the error constitutes plain error and that this court should reverse.

We agree. In cases such as *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), and *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020), we reversed based on the same type of plain error, where the record lacked evidence that the citation had been served. In this case, the state concedes that there is no evidence that the citation was served.[1] Accordingly, for the reasons set forth in *J. R. W.* and *R. E. J.*, we exercise our discretion to correct the error.

Reversed.

---

[1] In *State v. K. R. B.*, 309 Or App 455, 482 P3d 134 (2021), this court considered an argument that reversible error occurred where the citation was not served until immediately before a mental commitment hearing. In that case, assuming without deciding that that did not comport with ORS 426.090, we concluded that we would not exercise discretion to correct such an error, because the appellant was in fact served, and no assertion was made that the late service affected the appellant's ability to prepare for the hearing. The present case is materially distinguishable, as there is no evidence the citation ever was served.