Submitted April 2, reversed May 5, 2021

In the Matter of J. A. N.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. A. N.,
*Appellant.*

Marion County Circuit Court
20CC05169; A174592

486 P3d 65

Jennifer K. Gardiner, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the Mental Health Division for a period not to exceed 180 days, contending that he is entitled to reversal because no citation was issued or served on him as required by ORS 426.090. That statute requires a court to issue a citation to an allegedly mentally ill person that contains information including "the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed," as well as "the right to subpoena witnesses in behalf of the person to the hearing." That statute also requires that "[t]he citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." ORS 426.080 specifies that the person serving such a citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." Although appellant did not raise this issue in the trial court, he contends that this is plain error. The state concedes that the error is plain and that we should reverse.

We agree. In cases such as *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), and *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020), we reversed based on plain error, where the record lacked evidence that the citation had been served. In this case, the error is even more glaring, given that the citation never issued at all. Accordingly, for the reasons set forth in *J. R. W.* and *R. E. J.*, we exercise our discretion to correct the error.[1]

Reversed.

---

[1] Recently, in *State v. K. R. B.*, 309 Or App 455, 482 P3d 134 (2021), we considered an argument that reversible error occurred where the citation was not served until immediately before a mental commitment hearing. Assuming without deciding that that did not comport with ORS 426.090, we concluded that that case did not present a situation where we would exercise discretion to correct such an error, because the appellant was in fact served, and no assertion was made that the late service affected the appellant's ability to prepare for the hearing. The present case is materially distinguishable, given that no citation was ever issued or served.