Submitted April 2, reversed May 5, 2021

In the Matter of B. K. B., aka B. I. K.-B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. K. B.,
aka B. I. K.-B.,
*Appellant.*

Columbia County Circuit Court
20CC06634; A174935

486 P3d 65

Ted E. Grove, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant seeks reversal of an order committing her to the Mental Health Division for a period not to exceed 180 days, as well as a supplemental order prohibiting her from purchasing or possessing firearms, based on a finding that she suffers from a mental illness. ORS 426.130. Appellant was hospitalized based on a physician's hold on October 27, 2020. Several days thereafter, the court, on its own motion, postponed appellant's mental commitment hearing until November 4, 2020, due to unavailability of a mental health examiner. Appellant asserts that the court erred in doing so.

Appellant did not preserve any issue concerning the postponement in the trial court but argues on appeal that the court plainly erred in postponing the hearing on its own motion and not holding a hearing within five days of her detention. The state concedes the error, and we accept that concession. A court is required to hold a hearing such as this within five judicial days of the appellant's detention. *State v. L. O. W.*, 292 Or App 376, 381, 424 P3d 789 (2018). A court may postpone such a hearing for an additional five days at the request of a party, based on a finding of "good cause." ORS 426.095(2)(c). As we explained in *State v. J. O. B.*, 296 Or App 153, 154, 436 P3d 91 (2019), ORS 426.095(2)(c) does not authorize a court to postpone a hearing on its own motion. We conclude that the error is plain, and we exercise discretion to correct the error due to its gravity. *See State v. R. W. S.*, 292 Or App 405, 406, 419 P3d 804 (2018) (correcting similar error due to gravity of error).

Reversed.