Submitted April 2, reversed May 12, 2021

In the Matter of D. T.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

D. T.,
*Appellant.*

Columbia County Circuit Court
20CC04943; A174605

486 P3d 864

Jenefer Stenzel Grant, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of an order committing him to the Mental Health Division for a period not to exceed 180 days and a supplemental order prohibiting him from purchasing or possessing firearms, based on a finding that he suffers from a mental illness. ORS 426.130. Appellant was hospitalized based on a physician's hold on August 11, 2020. Several days thereafter, the court, on its own motion, postponed appellant's mental commitment hearing until August 20, then later, until August 21. Appellant asserts that the court erred in doing so.

Appellant did not preserve any issue concerning the postponement of his hearing in the trial court, but he argues on appeal that the court plainly erred in postponing the hearing on its own motion and not holding a hearing within five days of his detention. The state concedes the error, and we accept that concession. A court is required to hold a hearing such as this within five judicial days of the appellant's detention. *State v. L. O. W.*, 292 Or App 376, 381, 424 P3d 789 (2018). A court may postpone such a hearing for an additional five days at the request of a party, based on a finding of "good cause." ORS 426.095(2)(c). As we explained in *State v. J. O. B.*, 296 Or App 153, 154, 436 P3d 91 (2019), ORS 426.095(2)(c) does not authorize a court to postpone a hearing on its own motion. We conclude that the error is plain, and we exercise discretion to correct the error due to the gravity of the error. *See State v. R. W. S.*, 292 Or App 405, 406, 419 P3d 804 (2018) (correcting similar error due to gravity of error).

Reversed.