Submitted November 5, reversed December 8, 2021

In the Matter of W. W.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

W. W.,
*Appellant.*

Marion County Circuit Court
21CC02394; A176162

501 P3d 97

Matthew L. Tracey, Judge pro tempore.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing her to the Mental Health Division for a period not to exceed 180 days. Appellant contends that the court plainly erred, and she is entitled to reversal because the record does not demonstrate that the citation required to issue pursuant to ORS 426.090 was served on her. That statute requires a court to issue a citation to the person alleged to have a mental illness that contains information including "the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed," as well as "the right to subpoena witnesses in behalf of the person to the hearing." That statute also requires that "[t]he citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." ORS 426.080 specifies that the person serving such a citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." Appellant contends that no proper citation was served on her and that the record lacks the required certificate of service. Pointing to our decision in *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), the state agrees and concedes the plain error.

We accept the concession. Assuming, without deciding, that the trial court's multipurpose order dated April 28, 2021, served the purpose of the statutory citation, that order did not apprise appellant of her rights as required by ORS 426.090. And there is no return in the record indicating that the citation was served on appellant as required by ORS 426.080. As in *J. R. W.*, we agree that the failure to comply with ORS 426.080 and ORS 426.090 constitutes plain error in this case as well. In light of the gravity of the error, we exercise our discretion to correct the error. *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382-83, 823 P2d 956 (1991) (setting out factors to consider in the exercise of discretion).

Reversed.