Submitted December 3, 2021, reversed January 5, 2022

In the Matter of A. R. G.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

A. R. G.,
*Appellant.*

Columbia County Circuit Court
21CC01744; A175866

502 P3d 1203

Ted E. Grove, Judge.

Alexander C. Cambier filed the brief for appellant. Also on the brief was Multnomah Defenders, Inc.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant appeals a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days and a supplemental order prohibiting her from purchasing or possessing firearms. She contends that she is entitled to reversal because the record contains no return of service showing that she had been served with the citation before the hearing as required by ORS 426.080 and ORS 426.090, and because the court failed to advise her of the rights ORS 426.100 affords her before holding the hearing. She contends that they are plain errors that this court should correct. The state concedes that the citation issue entitles appellant to relief under the plain error doctrine, but suggests that the failure to advise appellant of her rights under ORS 426.100 may not be plain error under the circumstances.

As an initial matter, we agree with and accept the state's concession of error with respect to the citation. ORS 426.090 requires the court to issue a citation that informs a person alleged to have a mental illness of specific rights, and ORS 426.080 specifies that the person serving the citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." *See State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020) (reversing as plain error in similar situation). The record does not show any service of the citation in this case. In *State v. K. R. B.*, 309 Or App 455, 482 P3d 134 (2021), we declined to correct as plain error a failure to serve an appellant with a citation until the beginning of a commitment hearing, because "[t]he court provided appellant with a complete advice of rights. Appellant and his attorney appeared at the hearing and participated throughout, and the record does not indicate that the delay in service of the citation caused appellant or counsel not to be informed of the bases for the commitment or not to have adequate time or information to prepare for the hearing." *Id.* at 458.

This case stands in sharp contrast to *K. R. B.* The court held the hearing by videoconference. At the start of the hearing, appellant's counsel noted that appellant was not present; a social worker at the secure facility where appellant

was detained indicated that she had logged appellant onto the videoconference but that appellant was "not able to tolerate being on the call." She explained that the treatment team did not want to insist on her presence because they felt she might become agitated and present a security risk. Appellant's counsel asked if the computer could be brought to appellant's room but the social worker declined, stating that it would interfere with the privacy rights of appellant's roommate. Counsel for the state indicated that she did not know if a person failing to appear at the hearing waived advice of rights "[b]y virtue of refusing to participate." At that point, the court indicated that "her not appearing when she had been summoned to appear for this proceeding would result in a default judgment being entered against her. So—so the Court is going to enter a default judgment." The court did, however, take evidence, and the judgment does not indicate that it was a default judgment, but rather indicates that appellant "appeared before the undersigned judge" on the date of the hearing, and that the court "[h]aving heard all of the evidence," adjudged her to have a mental illness.

As appellant correctly observes, under ORS 426.100(1), when a person alleged to have a mental illness is brought before the court, the court must advise the person of the following: (a) the reason for being brought before the court; (b) the nature of the proceedings; (c) the possible results of the proceedings; (d) the right to subpoena witnesses; and (e) the person's rights regarding representation by or appointment of counsel. The court did not comply with that statute when it held the entire hearing in appellant's absence. Nor, under the circumstances of this case, was appellant's absence from the hearing a basis for assuming that she had waived advice of her rights. ORS 426.070(5)(a) indicates that after a citation has issued, "the person shall be given the opportunity to appear voluntarily at the hearing *** *unless* the person is detained pursuant to paragraph (b) of this subsection." (Emphasis added.) Under paragraph (b), if the court has reason to believe the person dangerous, the court issues a warrant of detention "to the community mental health program director or designee or the sheriff of the county or designee *directing the director, sheriff or a designee to take the person alleged to have a mental illness into*

*custody and produce the person at the time and place stated in the warrant.*" (Emphasis added.) This case is governed by paragraph (b) of the statute because appellant was detained pursuant to a warrant of detention, and therefore it was incumbent on the state, not on appellant or her counsel, to produce her for the hearing. The state suggests on appeal that the failure to advise appellant of her rights in this situation may not be plain error because appellant's counsel could have sought a continuance but did not do so. Under ORS 426.095(2)(c), a court may postpone the hearing for not more than five days for "good cause" if requested by either party. We conclude that it is not incumbent on counsel for the person alleged to have a mental illness to seek a continuance in a situation such as this, where the state was required, but failed, to produce the person alleged to have a mental illness for the hearing, and the state could well have sought such a continuance in order to fulfill its obligation.

We exercise discretion to correct these errors in light of their gravity. *See generally J. R. W.*, 307 Or App at 373 (correcting citation error); *State v. I. C. B.*, 311 Or App 230, 486 P3d 66 (2021) (correcting error with respect to advice of rights).

Reversed.