Submitted March 4, reversed April 6, 2022

In the Matter of E. J. T.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

E. J. T.,
*Appellant.*

Lane County Circuit Court
21CC04817; A176903

507 P3d 1291

R. Curtis Conover, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of a judgment committing her to the Oregon Health Authority for a period of time not to exceed 180 days and prohibiting her from purchasing or possessing firearms. She asserts that the trial court plainly erred in committing her, because the record contains no indication that she had been served with a citation, as required by ORS 426.080 and ORS 426.090. The state concedes that neither the trial court file nor the transcript of the commitment hearing contain any evidence that a citation was served on appellant. We agree and accept the state's concession. ORS 426.090 requires the court to issue a citation that includes certain information and that informs a person alleged to have a mental illness of specific rights. ORS 426.080 specifies that the person serving the citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." We conclude that the trial court plainly erred, and for the reasons set forth in *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), and *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020), we exercise our discretion to correct the error.

Reversed.