Submitted March 4, reversed April 20, 2022

In the Matter of B. E. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. E. G.,
*Appellant.*

Marion County Circuit Court
21CC04525; A176816

508 P3d 997

Matthew L. Tracey, Judge pro tempore.

Alexander C. Cambier filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting her from purchasing or possessing firearms. She asserts that the court plainly erred in committing her because the record contains no citation and no evidence that she had been served with a citation, as required by ORS 426.080 and ORS 426.090. The state concedes the error. We agree and accept the state's concession.

ORS 426.090 requires the court to issue a citation that informs a person alleged to have a mental illness of specific rights, and ORS 426.080 specifies that the person serving the citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." We conclude that the trial court plainly erred in failing to comply with those statutes, and for the reasons set forth in *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), and *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020), we exercise discretion to correct the error.

Reversed.