No. 199　　　　March 18, 2026　　　　763

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. M.,
*Appellant.*

Polk County Circuit Court
25CC01052; A186864

Monte S. Campbell, Judge.

Submitted January 20, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Appellant appeals a judgment committing her to the custody of the Oregon Health Authority as a person with mental illness and an order prohibiting her from possessing or purchasing firearms. In her sole assignment of error, she contends that the trial court plainly erred by proceeding on a citation that failed to comply with the service requirements in ORS 426.080 and ORS 426.090 (2023), *amended by* Or Laws 2025, ch 559, § 11.[1] As explained below, we affirm.

When the trial court finds probable cause that a person has mental illness, the court "shall, through the issuance of a citation as provided in ORS 426.090, cause the person to be brought before it at a time and place as it may direct, for a hearing under ORS 426.095 to determine whether the person is a person with mental illness." ORS 426.070(5)(a) (2023), *amended by* Or Laws 2025, ch 559, § 6. The citation issued by the court must contain certain information, including the specific reasons the person is believed to be a person with mental illness, the time and place of the hearing, and notice of the rights to legal counsel and to subpoena witnesses. ORS 426.090 (2023). The citation is to "be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." *Id*. The person who serves the citation "shall, immediately after service thereof, make a return upon the original *** citation showing the time, place and manner of such service and file it with the clerk of the court." ORS 426.080.

In this case, the trial court issued a citation, and, instead of personally serving it on appellant, a sheriff's deputy faxed the citation and accompanying documents to the hospital where appellant was on an emergency hold. The fax cover sheet identified "'Caregiver' of [appellant]" as the recipient and stated, "Please serve these papers on [appellant]." The deputy then filed a return of service with the court, stating the method of service as "faxed to the caregiver of [appellant]." Appellant subsequently appeared with

---

[1] Appellant was committed under the 2023 version of the civil commitment statutes, not under the version that became operative on January 1, 2026. *See* Or Laws 2025, ch 559, § 66 (operative date). For ORS 426.080, we cite the current version of the statute, as it is materially unchanged. Otherwise, all statutory citations are to the 2023 versions.

counsel at the noticed commitment hearing and made no objection to the method of service. Because no objection was made, there is no direct evidence as to whether the faxed citation was in fact delivered to appellant at the hospital.

On appeal, appellant claims that it was error for the court to proceed with the hearing given the service defect. Specifically, she asserts that "the court erred by proceeding on a citation that was faxed to the fax number for a caregiver of appellant, rather than personally served on appellant with a return of service showing time, place, and manner of personal service as required by ORS 426.090 and ORS 426.080." Appellant acknowledges that she did not preserve her claim of error and requests plain-error review.[2] In response, the state argues that the trial court did not plainly err because it is reasonable to infer that the citation was served on appellant by hospital staff, in which case the "return of service may not comply with ORS 426.080 to the extent it directed hospital staff to serve appellant" but "any due process implications from the lack of a complete return of service under ORS 426.080 [do] not rise to the level of plain legal error" when the citation was in fact served.

As a preliminary matter, we note that the parties appear to disagree on what was necessary to accomplish personal service, which is the only permitted method of service for a civil commitment citation. ORS 426.090 (2023) requires a citation to be served by "delivering a duly certified copy of the original thereof to the person *in person* prior to the hearing." (Emphasis added.) Appellant assumes that means that the sheriff's deputy had to personally hand the citation to appellant for service to occur. By contrast, the state assumes that if a hospital staff person handed the citation to appellant, then appellant was successfully served, even if the wrong person completed the certificate of service. We need not delve into the specifics of personal service in the

---

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether to correct a "plain" error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

civil commitment context, particularly when neither party has meaningfully briefed the issue. For present purposes, it suffices to say that fax service is not a permitted method of service under ORS 426.090 (2023) and that the existing return of service reflects only fax service.

Had the trial court noticed the method of service documented in the return of service, we presume that it would have raised the issue and made a record. However, it apparently did not notice it, and appellant did not make any objection to the manner of service that would have brought the issue to the court's attention. In that context, we must decide whether it was *plain* error for the trial court to proceed with the commitment hearing and, if so, whether we should exercise our discretion to reverse the commitment.

We conclude that reversal is not appropriate in this case. This is not a case in which nothing in the record indicates that a citation was issued, *e.g.*, *State v. R. E. F.*, 299 Or App 199, 200, 447 P3d 56 (2019), or in which nothing in the record indicates that the citation was served, *e.g.*, *State v. R. E. J.*, 306 Or App 647, 648, 474 P3d 461 (2020). Nor is this a case in which the record establishes service on the wrong person, *e.g.*, *State v. T. C.*, 327 Or App 558, 560, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024) (citation served on counsel rather than the appellant), or service of a materially defective citation, *e.g.*, *State v. J. L.*, 340 Or App 1, 3, 571 P3d 159 (2025) (citation did not contain required information). Rather, this is a case in which the trial court issued a citation; a sheriff's deputy attempted to serve the citation on appellant; the method of service was documented in the return of service in the court file; and appellant appeared at the commitment hearing with counsel and made no objection to the manner of service, which resulted in no record being made on the issue of actual receipt.

One of the requirements for an error to be "plain" is that it must be "apparent on the record without requiring [us] to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Here, the alleged error is the trial court proceeding with appellant's civil commitment hearing without a properly served citation. We have previously explained that not all statutory

violations of civil commitment procedures rise to the level of due process violations, and we are more likely to exercise our discretion to correct a "plain" error when it involves a due process violation. *See, e.g.*, *State v. B. L. W.*, 335 Or App 639, 640 n 2, 560 P3d 766 (2024); *State v. P. B. S.*, 324 Or App 706, 711 n 1, 527 P3d 815 (2023).

In this case, it is legally obvious and apparent from the record that the return of service documents a statutorily noncompliant service method. It is *not* obvious and apparent from the record, however, that appellant's due process rights were violated. There is reason to believe that the citation was hand delivered to appellant before the hearing, even if she was not properly served in the manner required by ORS 426.090 (2023). To the extent that we cannot know for sure whether that happened, it is because appellant did not object to the method of service before the hearing began. This case is unlike those in which there was no record of any service of the citation, allowing a reasonable inference that it was never served. *E.g.*, *State v. J. M.-G.*, 311 Or App 238, 239, 487 P3d 876 (2021). It is more like *P. B. S.*, in which we held that the trial court did not plainly err by proceeding with a civil commitment hearing where there were conflicting indications in the record as to whether the citation was served on the appellant, and where the appellant had not made any objection that would have spurred a clarification of the record. 324 Or App at 710.

Under the circumstances, we conclude that any "plain" error was limited to a statutory violation, and we are unpersuaded to exercise our discretion to reverse based on an unpreserved claim of error that does not obviously rise to the level of a due process violation.

Affirmed.