346 June 3, 2026 No. 508

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. H.,
*Appellant.*

Marion County Circuit Court
25CC03197; A187862

Michelle Vlach-Ing, Judge.

Submitted May 12, 2026.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1]  Her first assignment of error challenges the trial court's determination that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. Her second assignment of error challenges, as plain error, the denial of her motion to dismiss because she was not timely served with the citation before her hearing. We affirm.

*Danger to others:* To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. Generally, when verbal threats are at issue, the state will have "to provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017). The state must establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted).

The trial court determined the legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made her dangerous to others. Appellant is diagnosed with schizophrenia and has a history of non-compliance with medication. She hears auditory hallucinations from God, directing her to stop taking her medications and has delusions that her husband is having affairs. During one episode, appellant attacked her husband, tried to hit him, kicked him, and ultimately choked him. When EMTs arrived at the home, appellant told them that God told her to strangle and kill her husband. Appellant does not believe she has a mental illness or that she needs to take medication and did not consistently take her mediation while she was hospitalized. Mental health experts testified that it was highly likely that appellant would engage in future violence against others if she was not committed. The trial court did not err in finding the legal standard was met.

*Citation service*:  Appellant admits that she did not preserve her claim that she was not timely served with

the citation before the hearing. We review for plain error which requires "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If we find a plain error, we must then determine whether the error is harmless because we cannot reverse if an error is harmless. *State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) ("Under Article VII (Amended), section 3, of the Oregon Constitution, an appellate court may not reverse a criminal defendant's conviction based on an error—whether preserved or unpreserved—that is harmless."). In reviewing the record for harmlessness, "we ask whether there was little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). If the error is plain, and not harmless, we then must determine whether to exercise our discretion to correct it. *Ortiz*, 372 Or at 672.

Here, appellant was served with the citation two and one half hours before the hearing. That citation plainly stated the grounds for why appellant was believed to have a mental illness. At the time of service, appellant was represented by counsel who had been appointed four days earlier. Appellant and her attorney fully participated in the hearing.

ORS 426.090 requires service "prior to the hearing" with enough time for an "opportunity to consult with legal counsel" which appellant received, so any error is not plain. Further, any error in the timing of the service was harmless because the record does not indicate that any "delay in service of the citation caused appellant or counsel not to be informed of the bases for the commitment or not to have adequate time or information to prepare for the hearing." *State v. K. R. B.*, 309 Or App 455, 458, 482 P3d 134 (2021).

Affirmed.