Submitted June 4, reversed July 14, 2021

In the Matter of V. J. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

V. J. S.,
*Appellant.*

Josephine County Circuit Court
20CC07453; A175245

491 P3d 107

Pat Wolke, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days, based on a finding of mental illness. She asserts that she is entitled to reversal because the trial court failed to comply with the notice requirements of ORS 426.080 and ORS 426.090. ORS 426.090 requires a court to issue to an allegedly mentally ill person a citation that informs the person of "the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel immediately appointed," as well as "the right to subpoena witnesses in behalf of the person to the hearing." It also requires that "[t]he citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing." ORS 426.080 provides that the person serving such a citation "shall, immediately after service thereof, make a return upon the original warrant or citation showing the time, place and manner of such service and file it with the clerk of the court." Although appellant did not raise the issue in the trial court, the state concedes that this constitutes reversible plain error because the record does not establish that the citation was served on appellant.

We agree and accept the concession. In cases such as *State v. J. R. W.*, 307 Or App 372, 475 P3d 138 (2020), and *State v. R. E. J.*, 306 Or App 647, 474 P3d 461 (2020), we reversed based on the same type of plain error, where the record lacked evidence that the citation had been served. For the reasons set forth in *J. R. W.* and *R. E. J.*, we exercise our discretion to correct the error.

Reversed.