Submitted January 25, affirmed March 22, 2023

In the Matter of P. B. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

P. B. S.,
*Appellant.*

Benton County Circuit Court
21CC07015; A177687

527 P3d 815

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days, as a person with mental illness, and an order prohibiting him from possessing or purchasing firearms. In an unpreserved claim of error, appellant argues that the trial court plainly erred by conducting a civil commitment hearing upon a citation that failed to comply with ORS 426.080 and ORS 426.090. ORS 426.090 requires the trial court to issue a citation containing certain information and serve it upon the person subject to civil commitment. ORS 426.080 requires the person who serves the citation to make a return on the citation showing the time, place, and manner of service and to file it with the clerk of the court. In this case, the trial court issued a citation, but the trial court file does not contain a return of service. At the same time, the judgment expressly states that the citation was served on appellant. *Held*: The trial court did not commit a "plain" error when it proceeded with appellant's civil commitment hearing, because the issue is whether appellant was actually served, and the record allows for competing inferences as to whether appellant was actually served. To the extent that appellant is challenging the absence of the return of service from the court file in and of itself, regardless of actual service, any error is not plain, because it is not obvious and is reasonably in dispute that it is error to proceed in such circumstances, regardless of actual service.

Affirmed.

Matthew J. Donohue, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days, as a person with mental illness, and an order prohibiting him from possessing or purchasing firearms. In his sole assignment of error, he contends that the trial court plainly erred "by conducting a [civil commitment] hearing upon a citation that failed to comply with ORS 426.080 and ORS 426.090." For the following reasons, we affirm.

ORS 426.070 addresses the initiation of civil commitment proceedings. As relevant here, if the trial court receives the requisite notice and concludes that probable cause exists that a person is someone with mental illness, then the court "shall, through the issuance of a citation as provided in ORS 426.090, cause the person to be brought before it at a time and place as it may direct, for a hearing under ORS 426.095 to determine whether the person is a person with mental illness." ORS 426.070(5)(a). ORS 426.090 describes what information must be included in the citation; it then states, "The citation shall be served upon the person by delivering a duly certified copy of the original thereof to the person in person prior to the hearing. The person shall have an opportunity to consult with legal counsel prior to being brought before the court." Separately, ORS 426.080 provides, in relevant part, "The person serving *** the citation provided for by ORS 426.090 shall, immediately after service thereof, make a return upon the original *** citation showing the time, place and manner of such service and file it with the clerk of the court."

In this case, the trial court file contains a citation issued on December 14, 2021, and it is undisputed that the citation contained the required information. However, it is uncertain whether the citation was served on appellant as required by ORS 426.090, insofar as the trial court file does not contain the return of service that should have been filed under ORS 426.080. In any event, appellant appeared with counsel at the commitment hearing, which took place on December 16, 2021. The court heard the evidence and determined that the criteria for civil commitment were met.

It then entered a judgment committing appellant to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting him from possessing or purchasing firearms. The judgment expressly refers to the "citation issued to and served upon" appellant.

On appeal, appellant contends that the trial court erred by conducting the civil commitment hearing "upon a citation that failed to comply with the commitment procedures required by ORS 426.080 and ORS 426.090." Appellant did not raise that issue in the trial court and therefore requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court made a "plain" error, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

In *State v. R. E. F.*, 299 Or App 199, 200, 447 P3d 56 (2019), the state conceded, and we agreed, that the trial court plainly erred by failing to issue a citation to the appellant as required by ORS 426.090, noting that there was no citation in the court file and that nothing in the record indicated that a citation had been served. A year later, in *State v. R. E. J.*, 306 Or App 647, 648-49, 474 P3d 461 (2020), we extended that principle, analogizing to *R. E. F.* to hold that the trial court plainly erred in holding a civil commitment hearing, where the court had issued a citation but there was no indication that it had been served on the appellant. Since *R. E. J.*, the state has conceded error in a number of similar cases. *See State v. J. R. W.*, 307 Or App 372, 373, 475 P3d 138 (2020) (holding that it was plain error to hold a civil commitment hearing, where the record did not contain a return of service for the citation); *State v. V. J. S.*, 313 Or App 396, 397, 491 P3d 107 (2021) (same); *State v. D. S.*, 317 Or App 65, 66, 501 P3d 560 (2022) (same); *State v. A. B.*, 318 Or App 414, 415, 505 P3d 1103 (2022) (same).

Appellant argues that this case is comparable to the foregoing line of cases. We disagree. As the state points out, the trial court issued a citation in this case, and, although there is no return of service in the court file, the judgment of commitment expressly states that the citation was "issued to and served upon" appellant. The state concedes that an error occurred but, relying on the judgment language, argues that we should decline to exercise our discretion to correct it.

The parties' respective positions have made it necessary for us to consider exactly how one should conceive of the "error" that the trial court allegedly made. Assignments of error must be directed at "rulings." ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."). When no objection was made below, however, and the alleged error is more in the nature of an omission than an affirmative action at a distinct point in time, it can be difficult to identify the precise "error" that the court allegedly committed.

We have not previously had occasion to identify precisely how the error should be understood in this situation, as it has not been a point of significance in our prior cases. Upon consideration, we understand appellant to be arguing that the trial court violated appellant's due process rights when it failed to serve the citation on appellant as required by ORS 426.090—as evinced by the absence from the trial court file of the proof of service required by ORS 426.080— and nonetheless proceeded to hold a hearing that resulted in his civil commitment. That is consistent with appellant's emphasis on due process. Service of the citation is ultimately what provides due process; having the return of service in the court file is simply a mechanism to document that service occurred. It is also consistent with the statutory framework. ORS 426.090 imposes an obligation on the *trial court*—to issue a citation containing the required information and to effect service of that citation on the person subject to civil commitment—whereas ORS 426.080 imposes an obligation on the *process server*—to "make a return upon the original *** citation showing the time, place and manner of such service and file it with the clerk of the court."

We therefore understand the claimed error to turn on the alleged lack of service of the citation, rather than the absence of a return of service in the court file in and of itself.[1] With that understanding, we conclude that the trial court did not commit a "plain" error. There are competing inferences in the record as to whether appellant was served with the citation that the court issued: the lack of a return of service in the court file, on the one hand, and the judgment stating that appellant was served with the citation, on the other. An error is not "plain" if we have to choose between competing inferences in the record. *Vanornum*, 354 Or at 629. Because we are limited to plain-error review, and because the error is not "plain," we affirm.

Affirmed.

---

[1] To the extent that we are mistaken, and appellant does mean to argue that the absence of the return of service from the trial court file *in and of itself* made it error for the trial court to proceed, we reject that argument on the basis that the error is not plain. An error is not "plain" unless the legal point is obvious and not reasonably in dispute. *Vanornum*, 354 Or at 629. It is not obvious and is reasonably in dispute whether the process server's failure to comply with ORS 426.080 means that the court could not proceed with a civil commitment hearing, regardless of actual service. *See State v. S. R.-N.*, 318 Or App 154, 161, 506 P3d 492 (2022) (emphasizing, in the context of intellectual-disability commitments, that, where statutory procedures "aim to *ensure* due process, it is not necessarily true that the failure to satisfy those procedures *denies* due process; that is, a constitutionally significant deprivation of due process requires an assessment of the risk that a procedural failure resulted in the commitment" (emphases in original)).