No. 151       February 28, 2024       325

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. M.,
*Appellant.*

Clackamas County Circuit Court
22CC02899; A178745

Thomas J. Rastetter, Judge.

Submitted May 24, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Appellant appeals from a judgment committing her to the Oregon Health Authority for 180 days. She raises two assignments of error. In her first, she contends that the trial court erred in finding that she has a mental disorder that makes her a danger to others. In her second, she contends that the trial court plainly erred in proceeding with a hearing without evidence of the filing of a return of service of the civil-commitment citation. She contends that the court's failure to follow the statutory pre-commitment procedures denied her due process under the Fourteenth Amendment to the United States Constitution.[1] As we explain below, we reject both assignments of error. As a result, we affirm.

In her argument in support of her first assignment of error, appellant does not contest that she has a mental disorder. Rather, she contends that there was not clear and convincing evidence under ORS 426.130 that, *because of that disorder*, she was a danger to others under ORS 426.005(1)(f)(A). Having reviewed the record, we reject that argument. There is clear and convincing evidence that appellant suffers from a mix of mania and psychosis that results in a delusion that there is a conspiracy of government actors who are pursuing, harassing, and working to detain her. There is evidence of a series of escalating behavior relating to that delusion, which ranged from appellant's persistent threats to kill FBI agents to threatening to kick, and then ultimately kicking at, county sheriff's deputies. She also "barged" into an attorney's office at night to try to look up email to investigate the conspiracy. The episodes culminated in overt violence when she bit an EMT worker while claiming that she was going to hurt and kill FBI agents. We conclude that there was clear and convincing evidence to support the trial court's judgment of commitment. *See State v. D. L. W.*, 244 Or App 401, 405, 260 P3d 691 (2011) (stating that "if a mentally ill person has threatened others and has also carried out an overt violent act in the past against another person, those facts generally constitute clear and convincing evidence that the person is

---

[1] The Due Process Clause of the Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." US Const, Amend XIV, § 1.

a danger to others"). As a result, we reject appellant's first assignment of error.

In her second assignment of error, appellant contends that the trial court plainly erred in proceeding with a hearing in the absence of proof of service of the civil-commitment citation. She did not object in the trial court to proceeding with the hearing. She contends that the failure to follow pre-commitment statutory procedures, ORS 426.090 and ORS 426.080, violated her due process rights. ORS 426.090 requires that a judge issue a citation to the person alleged to have a mental illness. The citation, which alerts the person to their rights and the time and place of the hearing, must be served "prior to the hearing." ORS 426.090. A separate statute, ORS 426.080, provides that the person serving the citation shall return the citation "showing the time, place and manner of such service" and file it with the court. There is no dispute that there was no separate return of service filed. However, as we will explain, we cannot conclude on this record that there was plain error such that it is clear that appellant's due process rights were violated. It is possible to infer from this record that appellant was served with the citation, and the mistake was solely the failure to file the return of service with the court.

The face of the citation, signed and dated by the court on May 16, states that "[t]his Notice and Citation is issued and served upon you pursuant to the Order of the above Court." The hearing did not proceed until the next day, May 17, when appellant appeared with her counsel and contested the civil commitment in a disputed hearing. Based on the trial court record, we cannot say that the court plainly erred in proceeding with the hearing or that it is clear that appellant's due process rights were violated. This case is strikingly similar to *State v. P. B. S.*, 324 Or App 706, 527 P3d 815 (2023). In that case, there also was no evidence of the filing of the return of service of the citation, but the judgment expressly referred to "the citation issued to *and served upon* appellant." *Id.* at 709 (emphasis added). We rejected the appellant's due process argument and concluded:

"There are competing inferences in the record as to whether appellant was served with the citation that the court issued:

> the lack of a return of service in the court file, on the one hand, and the judgment stating that appellant was served with the citation, on the other. An error is not 'plain' if we have to choose between competing inferences in the record. Because we are limited to plain-error review, and because the error is not 'plain,' we affirm."

*Id.* at 711 (internal citation omitted).[2] For the same reasons expressed in *P. B. S.*, we also reject appellant's second assignment of error.[3]

Affirmed.

---

[2] To the extent that appellant is not just raising a due process argument, but also contends as a statutory matter that it was plain error to proceed with a hearing without evidence of a return of service of the citation as required by ORS 426.080, we reject that argument too. *See P. B. S.*, 324 Or App at 711 n 1 (stating that "[i]t is not obvious and is reasonably in dispute whether the process server's failure to comply with ORS 426.080 means that the court could not proceed with a civil commitment hearing, regardless of actual service").

[3] Our decisions here and in *P. B. S.* are consistent with *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023). In *T. C.*, we expressly concluded that appellant "had not been served with the citation required by ORS 426.090." *Id.* at 571. As discussed above, the records in this case and in *P. B. S.* present competing inferences regarding service.