No. 209　　　　April 3, 2024　　　　707

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

E. R.,
*Appellant.*

Umatilla County Circuit Court
22CC03054; A178750

Robert W. Collins, Jr, Judge.

Submitted June 21, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Kistler, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Appellant appeals from a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting her from the purchase or possession of firearms. She raises three assignments of error. In her first, she contends that the trial court plainly erred by conducting a hearing upon a citation that did not include a return of service. In her second assignment, she argues that the trial court erred by finding that due to a mental disorder she is a danger to herself. In her third assignment, she contends that the trial court erred by finding that she was not willing and able to participate in treatment on a voluntary basis and probably would not do so. As we explain, we conclude that the trial court did not err, and, therefore, affirm.

In her first assignment of error, appellant contends that the trial court erred by conducting a hearing upon a citation that did not include a return of service showing the time, place, and manner of service that was filed with clerk of the court, as required by ORS 426.080. She contends that the failure to comply with the statutory commitment procedures in ORS 426.080 and ORS 426.090 violated her due process rights. She did not preserve that assignment and seeks plain error review. The state does not dispute that there is a lack of a return of service in the court file but asserts that the error is not plain. The state also points out that appellant does not argue that she was not served with a proper citation and that, although her trial counsel made other procedural objections at the hearing, counsel did not object or otherwise attempt to make a record.

The court signed an order on May 20, 2022, for a citation to issue, for counsel to be appointed, and for a medical examination of appellant to be conducted; a citation was signed on that same date. The citation states, "This citation is served upon you by order of the court." (Uppercase omitted.) The hearing was held on May 23, 2022, and appellant appeared with her appointed counsel and contested the civil commitment. It is possible to infer from this record that appellant was served with the citation and the only error was the failure to file the return of service with the court. Based on our review of the record, we cannot say that the trial court

plainly erred in proceeding with the hearing or that it is clear that appellant's due process rights were violated.

We reached a similar conclusion in *State v. P. B. S.*, 324 Or App 706, 527 P3d 815 (2023). In that case, the appellant asserted "that the trial court plainly erred by conducting a civil commitment hearing upon a citation that failed to comply with ORS 426.080 and ORS 426.090." *Id.* at 708 (internal quotation marks and brackets omitted). We concluded that the trial court did not commit plain error:

> "There are competing inferences in the record as to whether appellant was served with the citation that the court issued: the lack of a return of service in the court file, on the one hand, and the judgment stating that appellant was served with the citation, on the other. An error is not 'plain' if we have to choose between competing inferences in the record. Because we are limited to plain-error review, and because the error is not 'plain,' we affirm."

*Id.* at 711 (citation omitted).[1]

In her second assignment of error, appellant argues that the court erred by finding that she had mental illness. Specifically, appellant argues that the record lacks clear and convincing evidence that due to a mental disorder appellant presented a particularized and highly probable threat to herself of serious physical injury or death in the near term. *See* ORS 426.005(1)(f)(A) (defining "[p]erson with mental illness" as a "person, who, because of a mental disorder, is * * * dangerous to self"). The state asserts that the trial court correctly found that appellant was a person with mental illness.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted).

---

[1] To the extent appellant, in addition to the due process argument, contends as a statutory matter, under ORS 426.080, that it was plain error for the trial court to proceed with the hearing without evidence of a return of service of the citation being filed with the court clerk, we reject that contention also. *See P. B. S.*, 324 Or App at 711 n 1 ("It is not obvious and is reasonably in dispute whether the process server's failure to comply with ORS 426.080 means that the court could not proceed with a civil commitment hearing, regardless of actual service.").

In addition, "we are bound by the trial court's findings of historical fact that are supported by any evidence in the record." *Id.* (internal quotation marks and brackets omitted). Having considered the record with that standard in mind, we conclude that there was legally sufficient evidence in the record to support the trial court's determination that appellant was a danger to herself at the time of the hearing.

Briefly stated, the record contains evidence that appellant has a working diagnosis of schizoaffective disorder, that she has underlying psychotic symptoms, including command hallucinations telling her to hurt herself, and that she has limited insight into her condition. On the day that appellant was taken to the hospital, she had been having command hallucinations to slit her throat with a razor while attempting a long-distance drive to Boise, Idaho. After calling a crisis line, agreeing to leave the highway, and meeting with an Oregon State Police patrol trooper in a parking lot, appellant was transported to the hospital.

Appellant has a history of mental illness with suicidal ideation and has been hospitalized several times. The examiner's opinion was that appellant was at imminent risk of self-harm:

> "She has an underlying mental health diagnosis with command hallucinations. She has a history of minimizing her acute suicidality. She has numerous credible threats in the last few days, which involve specific planning, amassing weapons and a continued refusal to safety plan due to a lack of insight and minimization of her acute suicidality."

The treating psychiatrist at the hospital, Dr. Palumbo, testified that it was his opinion that appellant was not a danger to herself at the present time; however, as the trial court noted, he did not have access to all of the medical records and history that the examiner reviewed and that were available to the court. Palumbo stated that one factor of concern to consider is "whether somebody is experiencing increased suicidal ideation with attempts in a shorter period of time," and that, "if we're noticing an increase in suicidal thoughts and an increase in attempts in a short amount of time * * * [he] would be concerned * * * that—hypothetically this is an individual that is a higher risk of completion of suicide."

The trial court relied on Palumbo's testimony as well as the examiner's opinion and additional evidence in the record that had been presented to the court. In short, there is sufficient evidence in the record for the trial court to have determined that appellant, if released on the day of the hearing, would have been a danger to herself.

In appellant's third assignment of error, she contends that the trial court erred by finding that she was not willing and able to participate in treatment on a voluntary basis and probably would not do so. ORS 426.130(1)(a)(A). It was appellant's burden to prove that she would likely engage in voluntary treatment. *State v. T. M.*, 229 Or App 325, 331, 211 P3d 359 (2009). Upon reviewing the record, we conclude that there was evidence in the record that appellant was not willing and able to engage in voluntary treatment and that appellant did not meet her burden of proof to prove otherwise.

Affirmed.