No. 784 August 27, 2025 163

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jeffrey Edward TAYLOR,
*Petitioner-Appellant,*

*v.*

OREGON STATE HOSPITAL,
*Defendant-Respondent.*

Lane County Circuit Court
22CV00301; A182993

Erin A. Fennerty, Judge.

Submitted July 22, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment that dismissed his petition for post-conviction relief. In a single assignment of error, he argues that the post-conviction court erred when it ruled that petitioner could not raise a claim of prosecutorial misconduct in a post-conviction proceeding. We affirm.

Under ORAP 5.45, "[a]ssignments of error are required in all opening briefs of appellants" and "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." *See also State v. P. B. S.*, 324 Or App 706, 710, 527 P3d 815 (2023) ("Assignments of error must be directed at rulings." (Internal quotation marks omitted.)).

We conclude that petitioner has "not identif[ied] a specific legal, procedural, factual, or other ruling by the trial court, ORAP 5.45(3)." *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 464, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003). The record does not support petitioner's assertion that the post-conviction court "rule[d] that petitioner could not raise a claim of prosecutorial misconduct in post-conviction proceedings." Instead, the record demonstrates that the post-conviction court made the comments that petitioner challenges on appeal in the context of considering petitioner's motion based on *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966).[1] Specifically, the post-conviction court opined about what a newly appointed attorney would likely think of petitioner's request to raise a prosecutorial misconduct claim. A post-conviction court's comments about a hypothetical future legal analysis do not constitute a ruling that can be challenged on appeal. Therefore, "there is nothing for this court to review." *Benjamin*, 185 Or App at 464.

Affirmed.

---

[1] "[A] proper *Church* motion is, essentially, a motion for substitution of counsel or for the less drastic remedy of instruction of counsel." *Bogle v. State of Oregon*, 363 Or 455, 471, 423 P3d 715 (2018).