168 October 8, 2025 No. 890

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JESUS O. CORDOVA,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV33052; A183815

J. Burdette Pratt, Senior Judge.

Submitted July 22, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant. Appellant filed the supplemental brief *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. In his counseled brief, petitioner raises one assignment of error, arguing that the post-conviction court erred when it denied relief on his claim that his trial counsel provided inadequate and ineffective assistance of counsel by calling a specific witness. In his *pro se* supplemental brief, petitioner asks us to review "all claims presented in his post-conviction petition," which he attaches and incorporates by reference. For the following reasons, we affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

The relevant facts are as follows. Petitioner was charged with numerous crimes, including assault, unlawful use of a weapon, and menacing, following an altercation with A and B. He waived jury and proceeded to a bench trial. A and B testified that petitioner initiated the altercation when he approached their car and threatened them with a knife. Petitioner claimed self-defense and testified at trial consistent with that defense. Apart from petitioner, trial counsel also called Jacob Mueller as a witness. Mueller's testimony provided support for petitioner's self-defense claim. Specifically, he testified that petitioner did not threaten anyone with a knife. However, on cross-examination, Mueller admitted that A and B did not approach the car. Instead, petitioner had angrily "barreled on over" to them, and although Mueller tried to get petitioner back to the car, petitioner remained angry and refused to leave. The trial court convicted petitioner on all counts.

After unsuccessfully appealing his conviction and sentence,[1] petitioner pursued post-conviction relief. As relevant to the counseled argument in this appeal, petitioner claimed that trial counsel provided inadequate and ineffective assistance of counsel under both the state and

---

[1] *State v. Cordova*, 308 Or App 463, 479 P3d 287, *rev den*, 368 Or 37 (2021).

federal constitutions when he called Mueller as a witness. Specifically, petitioner argued that counsel failed to properly investigate Mueller before calling him as a witness and that Mueller's testimony contradicted petitioner's self-defense theory.

In a declaration, trial counsel explained that he considered the downsides of Mueller's testimony, discussed the selection of witnesses with petitioner, and ultimately, with petitioner's agreement, decided to call Mueller because "his upside as a witness far outweighed any downside to his testimony."

The post-conviction court denied relief on the basis that "[t]rial counsel made a reasonable strategic decision to call Mueller as a witness for the defense." In reaching that conclusion, the post-conviction court found that petitioner and trial counsel "had repeated discussions about the trial strategy and selection of evidence and witnesses" and "ultimately decided that Mr. Mueller was an important witness whom they wanted to present despite the potential downsides to his testimony[.]" The post-conviction court also found that "[p]etitioner expressed agreement with that decision." After making those findings, the post-conviction court explained that Mueller "denied that petitioner had any weapons on him when he exited the car" and "testified that petitioner never had a knife out, brandished a knife or other weapons, or threatened anyone." Instead, Mueller "portrayed the arguments between petitioner and [A and B] as somewhat mutual rather than completely one-sided." The post-conviction court also held that petitioner failed to prove that any prejudice resulted from the decision to call Mueller as a witness.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional

magnitude[.]" (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 692, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

Here, after investigation and consultation with petitioner, trial counsel determined that Mueller's testimony was important for petitioner's defense. As the post-conviction court recognized, Mueller's testimony provided critical evidence to support petitioner's claim that petitioner acted in self-defense and was not the initial aggressor. Specifically, Mueller testified that petitioner did not immediately threaten A and B with a knife and, in fact, never threatened anyone with any kind of weapon. To be sure, Mueller's testimony that he encouraged petitioner to leave the altercation and provided him with opportunities to do so undercut petitioner's self-defense theory. And as petitioner points out, the trial court highlighted Mueller's testimony at sentencing, stating that "[y]our own friend [Mueller] came in and testified to the Court that he was trying to get you to just let it go, to not engage[.]" However, Mueller's testimony was not the only evidence that petitioner did not leave the altercation when he had a chance to do so: A and B both testified to that fact, and video evidence showed petitioner "closing the distance" between A and B when he could have left the scene. Without Mueller's testimony, the only evidence that petitioner was not the initial aggressor was petitioner's own testimony about the events. On that factual record, the post-conviction court did not err when it denied relief because counsel "made a reasonable strategic decision to call Mueller as a witness for the defense."

As for petitioner's *pro se* arguments, we decline the invitation to review all his post-conviction claims in the petition he attached as his brief. Under ORAP 5.45, "[a]ssignments of error are required in all opening briefs of

appellants" and "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." *See also State v. P. B. S.*, 324 Or App 706, 710, 527 P3d 815 (2023) ("Assignments of error must be directed at rulings." (Internal quotation marks omitted.)). Here, petitioner has "not identif[ied] a specific legal, procedural, factual, or other ruling by the trial court." *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 464, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003) (citing ORAP 5.45(3)). Therefore, "there is nothing for this court to review." *Id.*

Moreover, petitioner does not present any argument as to how the post-conviction court committed any error. We do not make arguments for parties on appeal. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Affirmed.