718 July 10, 2024 No. 483

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. T.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. T.,
*Appellant.*

Multnomah County Circuit Court
23CC03808; A181802

Jane W. Fox, Judge.

Argued and submitted June 6, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Appellant appeals a judgment involuntarily committing him to the custody of the Oregon Health Authority for up to 180 days based on his being a person with mental illness. Appellant raises two unpreserved claims of error. First, appellant argues that, under ORS 426.100(3)(e), the court was required to appoint counsel for him as soon as reasonably possible after he was admitted to the hospital on an emergency hold and plainly erred by not appointing counsel sooner than it did. Second, appellant argues that the court plainly erred by failing to enforce the applicable statutes and rules regarding the mental health examiner's role in civil commitment proceedings and the examiner's report. For the reasons explained below, we affirm.

The relevant facts are procedural. Appellant was placed on an emergency hold on Saturday, June 17. After the weekend and a Monday holiday, the court entered the notice of mental illness in the court register on Tuesday, June 20. The investigator's report was filed on Thursday, June 22. On Friday, June 23, the court issued the citation, appointed counsel, and set appellant's commitment hearing for Monday, June 26. The hearing was held as scheduled, with appellant and his court-appointed counsel present. As discussed more later, the mental health examiner was also present at the hearing, conducted an examination, and provided his report. After the hearing, the court issued a judgment of civil commitment and an order formally appointing appellant's counsel "as of" Friday, June 23.

As previously described, appellant raises two assignments of error, one relating to the timing of the appointment of counsel and the other relating to the mental health examiner. Both claims of error are unpreserved, so appellant requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to review for "plain" errors. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose

among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

In his first assignment of error, appellant argues that, under ORS 426.100(3)(e), the trial court was required to appoint counsel for him as soon as reasonably possible after he was admitted to the hospital on an emergency hold and plainly erred by not appointing counsel sooner than it did. The state responds that any error does not qualify as "plain." We agree with the state.

As relevant here, ORS 426.232 provides procedures for hospitals to detain individuals who are believed to be dangerous to themselves or others and in need of emergency care or treatment for mental illness. An individual so detained has the right to counsel. ORS 426.100(2)(c); ORS 426.100(3). The hospital is to inform the individual of their right to counsel. ORS 426.234(1)(a). Ultimately, even if counsel is not requested, "the court shall appoint suitable legal counsel unless counsel is expressly, knowingly and intelligently refused by the person." ORS 426.100(3)(d).

The question is *when* counsel is to be appointed. ORS 426.100 is silent on that issue, with one exception. The exception is ORS 426.100(3)(e), which provides, "If the person is being involuntarily detained before a hearing on the issue of commitment, the right under paragraph (a) of this subsection to contact an attorney or under paragraph (b) of this subsection to have an attorney appointed *may be exercised as soon as reasonably possible*."[1] (Emphasis added.) Relying on that statutory language, appellant argues that the trial court was required to appoint counsel for him as soon as reasonably possible once he was placed on an emergency hold on Saturday, June 17, and plainly erred by not appointing counsel until Friday, June 23.

Any error is not plain. First, as a matter of statutory construction, it is not obvious or beyond reasonable dispute

---

[1] The referenced "paragraph (a)" is ORS 426.100(3)(a), which recognizes "[t]he right to obtain suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case during the proceedings." The referenced "paragraph (b)" is ORS 426.100(3)(b), which states, in relevant part, "If the person is determined to be financially eligible for appointed counsel at state expense, the court will appoint legal counsel to represent the person."

that ORS 426.100(3)(e) requires the court to appoint counsel for someone as soon as reasonably possible after an emergency hold starts. Although ORS 426.100(3)(d) ultimately requires the court to appoint counsel even if no request is made, ORS 426.100(3) as a whole seems to contemplate a window of time in which counsel has not yet been appointed and may be requested. Moreover, the only provision of ORS 426.100(3) that contains any timing language is paragraph (e), which provides that the rights specified in paragraphs (a) and (b) "may be exercised as soon as reasonably possible." That phrasing seems to refer to when the detained person may act to obtain or request counsel (thus "exercising" the right), rather than when the court must appoint counsel in the absence of a request. Second, even if the court's obligation to appoint counsel "as soon as reasonably possible" is triggered as soon as an emergency hold is placed, the record is silent as to what was "reasonably possible" here. Because no objection was made, no record was made on that issue. Any error is therefore not "apparent on the record," which is another reason that any error is not "plain." *Vanornum*, 354 Or at 629. For both reasons, the court did not plainly err under ORS 426.100 by appointing counsel when it did.[2]

Turning to the second assignment of error, appellant argues that the court plainly erred by failing "to strictly enforce the statutory framework for the examiner" and "by allowing the examiner to opine without the examiner having begun the examination prior to the hearing, without having had counsel present at a pre-hearing examination, and without conducting the statutorily and OAR-required inquiries and examination." Appellant divides his argument into six parts. We address the first three parts individually and the last three parts together.

---

[2] Although appellant's argument focuses primarily on the timing of the appointment of counsel relative to the start of appellant's emergency hold, appellant also takes issue, to some degree, with (1) the court appointing counsel for him on Friday for a Monday commitment hearing, and (2) entering the formal order appointing counsel after the hearing. There is no indication in the record that counsel lacked adequate time to prepare for the hearing or that appellant was not given an adequate opportunity to meet with counsel before the hearing. As for the timing of the formal order, we view the actual appointment of counsel as the key event, rather than the entry of the formal order memorializing that appointment, at least for present purposes.

First, appellant asserts that he was deprived of the procedural protection in ORS 426.075(2), which requires the court to "appoint examiners under ORS 426.110 sufficiently in advance of the hearing so that the examiners may begin their preparation for the hearing." Appellant relies on there being "no indication" in the record as to when appellant's records were made available to the examiner or as to what the examiner did to prepare for the hearing. The problem with that argument is that it is incompatible with plain-error review. For an error to be "plain," it must be apparent on the face of the record. *Vanornum*, 354 Or at 629. We cannot find plain error based on speculation in the face of a silent record.

Second, appellant asserts that, to the extent that the examiner did conduct part of the examination prior to the hearing and did not allow appellant's counsel to be present, appellant was deprived of the procedural protection in ORS 426.100(3)(f), which allows counsel to be present at the examination. *See State v. K. G.*, 330 Or App 493, 502, 544 P3d 403 (2024) (construing ORS 426.100(3)(f) "to allow a person the opportunity to have their counsel present during examination by the mental health examiner if it occurs before the hearing"). Appellant relies on there being "no indication that the examiner notified appellant's counsel of any examination that occurred before the hearing" and "no information" as to whether counsel was present. Again, that argument is incompatible with plain-error review, because the alleged error must be apparent on the record.

Third, appellant argues that it is reasonable to infer that the examiner did not begin the examination process prior to the hearing as required by ORS 426.120, *see* ORS 426.120(1)(b) (requiring the examiner to "[i]nitiate the examination process prior to the hearing"), and that such failure negatively impacted the fundamental fairness of the proceeding. Appellant derives that inference from the court's statement at the hearing, "All right, Mr. [Examiner], let's begin the examination." We are skeptical that the court's statement allows a reasonable inference as to what the examiner did or did not do before the hearing. In any event, ORS 426.120(1)(b) expressly provides, "Any failure to comply with this paragraph shall not, in itself, constitute

sufficient grounds to challenge the examination conducted by an examiner." Any error is not plain.

Finally, appellant challenges the substance of the examiner's examination and report in various regards. He argues that there is "no indication in the record" that the examiner conducted the examination "in a manner that elicit[ed] the data necessary for establishing a diagnosis and a plan for treatment," as required by OAR 309-033-0950(4). He argues that the examiner failed to include in his report "a recommendation as to the type of treatment facility[3] best calculated to help the person recover from mental illness," as required by ORS 426.120(2)(a). And he argues that the examiner failed to conduct the "mental status examination" and "psychosocial history" required by OAR 309-033-0960(2).

As to the first and third arguments, we agree with the state that, on this record, it is not obvious that the examination failed to meet the requirements of OAR 309-033-0950(4) and OAR 309-033-0960(2). As to the second argument, the state acknowledges that the examiner's report does not contain the required treatment-facility recommendation but argues that the error is effectively harmless because the examiner recommended OHA commitment and it is OHA's decision where to place a person who has been committed. Given the legislature's imposition of an express requirement that the examiner make a recommendation on the type of facility best suited to the person's needs, we are reluctant to declare an omission of that information from the examiner's report to be universally harmless. On this specific record, however, we conclude that the error was not sufficiently grave to warrant the exercise of our discretion.

For those reasons, we reject the second assignment of error regarding the mental health examiner's preparation, examination, and report.

Affirmed.

---

[3] "Facility" means "a state mental hospital, community hospital, residential facility, detoxification center, day treatment facility or such other facility as the authority determines suitable that provides diagnosis and evaluation, medical care, detoxification, social services or rehabilitation to persons who are in custody during a prehearing period of detention or who have been committed to the Oregon Health Authority under ORS 426.130." ORS 426.005(1)(c) (definition of "facility").