656 August 28, 2024 No. 613

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. D. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. D. W.,
*Appellant.*

Clackamas County Circuit Court
23CC03510; A181721

Todd L. Van Rysselberghe, Judge.

Argued and submitted June 14, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Appellant challenges a judgment involuntarily committing her to the custody of the Oregon Health Authority (OHA) for up to 180 days and prohibiting her from possessing firearms based on the trial court's finding that, as a result of a mental illness, she is a danger to herself and others. ORS 426.130(1)(c), (d); ORS 426.005(1)(f)(A). In appellant's sole assignment of error, she argues that (1) the trial court plainly erred when it failed to strictly comply with the statutory and administrative procedures for civil commitment, and (2) the trial court abused its discretion when it denied appellant's motion to hold the hearing at the hospital and require that witnesses testify in-person. For the reasons that follow, we affirm.

## BACKGROUND

The relevant facts are procedural. Appellant was placed on a 14-day diversion, but on June 21, 2023, after her symptoms did not improve, an investigator requested that the court enter a citation for civil commitment. At 10:04 a.m. that same day, the court ordered that a citation be issued, and an attorney be appointed to represent appellant; the citation ordered appellant to appear on June 22, 2023, at 8:30 a.m. for the commitment hearing. The court also signed an order appointing an examiner, and it appointed two examiners *sua sponte*. The clerk issued the citation at 10:24 a.m., and appellant was served with the citation at 1:40 p.m. One of the examiners called appellant and nursing staff at the hospital that day for an examination over the phone.

Before the commitment hearing, appellant filed a motion requesting in-person testimony and hearing. She argued that the hearing must be held at the hospital because appellant "is not afforded sufficient procedural due process protections when the court denies them the opportunity to be in the same place as the judge, the district attorney's representative, the examiners, and most importantly the witnesses testifying against them." The trial court denied that motion and, in its order, the court said, "[t]he court recognizes movant's concerns and welcomes guidance from the appellate courts or by mandamus."

The commitment hearing was held on June 22, and appellant appeared by video from the hospital. Appellant renewed her motion and raised a standing objection to remote testimony and holding the hearing outside her presence. The court denied the motion. The examiners and investigator appeared by video. After the hearing, the court found appellant to be a person with a mental disorder that made her a danger to herself and others.

## DISCUSSION

As noted, appellant presents one assignment of error in which she argues that the trial court plainly erred in conducting the civil commitment hearing and committing appellant after the state failed to comply with the statutory procedures for civil commitment, and the trial court abused its discretion when it denied appellant's motion to hold her commitment hearing at the hospital. Because only the latter argument was preserved, we address appellant's arguments separately.

*Appellant's Request for Plain Error Review.* Appellant contends that the trial court plainly erred in entering the judgment of commitment, because the state failed to strictly comply with the statutory procedures outlined in ORS chapter 426, which made the proceeding fundamentally unfair in violation of appellant's due process rights. Specifically, appellant points to the following procedural failings: (1) appellant was not informed of the right to counsel and not given counsel at the appropriate time; (2) medical staff did not warn appellant about observation by medical staff; and (3) the examiners' appointment and their examination did not comply with the statutes and administrative rules.

Appellant acknowledges that she did not preserve the purported error, and she requests that we review for plain error whether the trial court erred in conducting the commitment hearing and committing appellant despite the described procedural errors. ORAP 5.45(1) (allowing discretionary review of "plain" errors). "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). An error is "plain" when it is an error of law, the legal point

is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

First, appellant argues that medical professionals at the hospital did not inform her of her right to counsel in violation of ORS 426.234(1)(a), and that the court did not appoint counsel at the appropriate time in violation of ORS 426.100(3). ORS 426.234(1)(a) requires that a medical professional at the facility inform a person of her right to representation, but it does not require that the professional document that information. In this case, we would have to go outside the record to accept appellant's argument that she was not notified by medical staff about her right to representation, because there was no evidence presented that appellant was not notified of her right to counsel. Thus, this alleged error does not qualify for plain error review.

ORS 426.100(3)(e) provides that a person's right "to have an attorney appointed may be exercised as soon as reasonably possible." Appellant argues that, by appointing counsel the day before the commitment hearing, the trial court plainly erred by not appointing counsel "as soon as reasonably possible." However, we conclude that it is not obvious that ORS 426.100(3)(e) required the trial court to appoint counsel earlier than it did. *See State v. C. T.*, 333 Or App 718, 720-21, ___ P3d ___ (2024) (holding that the trial court's appointment of counsel on the Friday before the Monday commitment hearing was not plain error under ORS 426.100 because the alleged error was not obvious and was not apparent on the record). Under the circumstances, it is not plain that the trial court's appointment process was erroneous under ORS 426.100(3)(e).

Second, appellant argues that the trial court plainly erred in holding the commitment hearing and committing appellant when there was no evidence that appellant was warned about observation by medical staff pursuant to ORS 426.123(1). Assuming without deciding that those warnings were not given, we conclude that the trial court did not plainly err in holding the commitment hearing and committing appellant. *See State v. R. C.*, 298 Or App 280, 281, 443

P3d 742 (2019) ("[A] violation of ORS 426.123 is not grounds to dismiss a commitment proceeding.").

Third, appellant argues that the trial court plainly erred when it conducted the commitment hearing and committed appellant despite the examiner's noncompliance with several statutory and administrative requirements. We have reviewed those arguments and conclude that it is not obvious or apparent on the face of the record that the court's appointment of two examiners, the timing of the examiners' appointment, the examiners' prehearing preparation, their examination of appellant during the hearing, or their reports to the court violated the requirements of ORS chapter 426 or the related administrative rules. *See C. T.*, 333 Or App at 721-23 (concluding that the same challenges to the examiner's examination and report did not constitute plain error, because the errors were not obvious or apparent on the record).

*Preserved challenge to Trial Court's Denial of In-Person Testimony and Hearing.* As an initial matter, we note the limited scope of appellant's arguments on this issue. In her briefing, appellant argues that the trial court abused its discretion when it "failed to make the needed determination about the location of the hearing" pursuant to ORS 426.095[1] and when it failed to follow the process for ordering remote testimony pursuant to ORS 45.400(3).[2] In its answering brief, the state responds that "[a]ppellant further suggests that the remote hearing violated the Due Process Clause of the Fourteenth Amendment," and that "[a]ppellant's remote civil commitment hearing satisfied her due process rights" based on an application of the three factors from *Mathews v.*

---

[1] ORS 426.095 provides that a commitment hearing "may be held in a hospital, the person's home or in some other place convenient to the court and the person alleged to have a mental illness."

[2] ORS 45.400(3) provides:

"(a) Except as provided under subsection (5) of this section, the court may allow remote location testimony under this section upon a showing of good cause by the moving party, unless the court determines that the use of remote location testimony would result in prejudice to the nonmoving party and that prejudice outweighs the good cause for allowing the remote location testimony."

The statute also contains factors the court may consider that support good cause for the motion and factors that would support a finding of prejudice. ORS 45.400(3)(b)-(c).

*Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976).[3] However, on this preserved issue, appellant makes no constitutional argument; her only arguments relate to asserted violations of ORS 426.095(1) and ORS 45.400(3). We limit our review to the statutory arguments that she presents. In particular, appellant argues that "appellant did not have a full chance to argue the issues of prejudice," even though it is one of the factors the court must consider before ordering remote testimony pursuant to ORS 45.400(3), and that the court should have considered the "nature of the proceeding, with due consideration for a person's liberty or parental interests" pursuant to ORS 45.400(3)(c)(D).

In addition, appellant argues, citing *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024), that "failing to comply with the statutes protecting liberty interests in a civil commitment hearing is reversible error," and that the trial court failed to strictly comply with ORS 45.400 and ORS 426.095(1). We addressed that argument in *State v. A. M.*, 333 Or App 453, 459-60, 465-67, 553 P3d 593 (2024), and we determined that the statutes do not "expressly require an in-person hearing."

As noted, appellant argues that the trial court abused its discretion in requiring that she participate remotely in her civil commitment hearing (ORS 426.095) and requiring remote testimony (ORS 45.400(3)). The state responds that the statutes upon which appellant relies were superseded by ORS 1.002(5);[4] the subsequent Chief Justice Order 21-025 (CJO), which delegated authority to the

---

[3] The court must consider the following three factors in deciding what process is due:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Mathews*, 424 US at 335.

[4] ORS 1.002(5) states that "*[n]otwithstanding any other statute or rule to the contrary*, \*\*\* the Chief Justice may direct or permit any appearance before a court or magistrate to be by telephone, other two-way electronic communication device or simultaneous electronic transmission." ORS 1.002(5)(c)(A) (2021), *amended by* Or Laws 2022, ch 68, § 8 (emphasis added).

presiding judge of each district to order remote proceedings; and the Clackamas County Presiding Judge Order (PJO) dated March 11, 2022, which ordered that all civil commitments will "be held remotely." In holding in *A. M.* that ORS 426.095 and ORS 45.300 do not require an in-person hearing we said: "In the absence of any argument that the March 11, 2022, [PJO] is no longer valid, we agree with the state that the March 11, 2022, order supersedes the statutory authority on which appellant relies * * *." 333 Or App at 459. The same is true in this case. Appellant did not contend that the presiding judge lacked authority for the March 2022 order, nor did she argue that the order is no longer in effect. Therefore, we agree with the state that ORS 1.002 and the PJO supersede ORS 426.095 and ORS 45.400(3), and we conclude that the trial court did not abuse its discretion by ordering a remote hearing and testimony despite those statutes.

Affirmed.