16 September 11, 2024 No. 651

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of W. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

W. C.,
*Appellant.*

Lane County Circuit Court
23CC04964; A182198

Beatrice N. Grace, Judge.

Argued and submitted August 14, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Lani Augustine, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Appellant challenges a judgment involuntarily committing him to the custody of the Oregon Health Authority for up to 180 days and prohibiting him from possessing firearms based on the trial court's finding that, as a result of a mental illness, he is a danger to himself. *See* ORS 426.130; ORS 426.005(1)(f)(A). Appellant raises two assignments of error. First, appellant contends that the evidence was insufficient to demonstrate that, because of his mental disorder, he presents a danger to himself. Second, appellant argues that the trial court plainly erred when it failed to enforce the applicable statutes and rules regarding the mental health examiner's role in civil commitment proceedings and the examiner's report. For the reasons that follow, we affirm.

*Sufficiency of the Evidence.* In his first assignment of error, appellant argues that the evidence was insufficient for the court to determine that, at the time of the hearing, appellant was a danger to himself. In reviewing for sufficiency of the evidence, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. T. Y.*, 285 Or App 21, 22, 396 P3d 986 (2017) (internal quotation marks and citation omitted).

A court may order that a person be involuntarily committed if, "based upon clear and convincing evidence," the court determines that the person is a "person with mental illness" and is unwilling or unable to participate in voluntary treatment under ORS 426.130(1). The phrase "person with mental illness" includes someone who, because of a mental disorder, is "[d]angerous to self or others." ORS 426.005(1)(f)(A). A person is dangerous to self "if the person's mental disorder would cause him or her to engage in behavior that is likely to result in physical harm to [self] in the near term." *State v. M. J. F.*, 306 Or App 544, 546, 473 P3d 1141 (2020) (internal quotation marks and citation omitted). To make that determination, there must be evidence that "the person's mental disorder has resulted in harm or created situations likely to result in harm in the

near future." *Id*. (Internal quotation marks omitted.) The threat of harm must involve "serious and actual physical harm in the near term," and it "must be based on more than apprehensions, speculations, and conjecture." *State v. M. L.*, 315 Or App 394, 398, 501 P3d 85 (2021) (internal quotation marks and citation omitted).

We conclude that the trial court had sufficient evidence that appellant was a danger to himself due to his bipolar disorder. While in a manic episode, appellant, who is from South Carolina, drove across the country without bringing his medications for his bipolar disorder, his supplies to treat his diabetes, and his supplies to change his catheter, which requires changing two to three times per day. After arriving in Oregon, appellant brought himself to the emergency room and was found to be suffering from a urinary tract infection, acute kidney injury, and hyperglycemia. Appellant initially refused treatment while in the hospital, but he began taking medications three days before the commitment hearing. The day before his commitment hearing, appellant told the civil commitment investigator that he intended to drive back to South Carolina by himself once he was discharged, and he would not take his medications during that drive home. Thus, the evidence showed that appellant engaged in behavior that caused himself physical harm, and if he were discharged, he planned to engage in those same behaviors. Based on that evidence, a rational trier of fact could find that there was clear and convincing evidence that appellant was a danger to himself. *See State v. D. R.*, 183 Or App 520, 524, 52 P3d 1123 ("[A] person can be deemed dangerous to self if he or she has established a pattern in the past of taking certain actions that lead to self-destructive conduct, and then he or she begins to follow the pattern again.").

*Procedural Errors.* Appellant argues that the trial court erred by conducting the commitment hearing and committing appellant "despite the court having failed to enforce the statutes governing the role of the examiner and the contents of the examination." Appellant acknowledges that he did not preserve this assignment of error, and he requests that we review it for plain error. ORAP 5.45(1)

(allowing discretionary review of "plain" errors). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Appellant argues that the trial court plainly erred when it conducted the commitment hearing and committed appellant despite the examiner's noncompliance with several statutory and administrative requirements. We have reviewed those arguments and conclude that, with one exception, the alleged errors—*viz.*, the examiner's prehearing preparation, examination of appellant, report to the court, and noncompliance with filing that report with the clerk of the court—are not apparent on the record without having to choose between competing inferences or are not obvious errors. Accordingly, those errors are not "plain."

The exception is that we agree with appellant that the examiner's report did not comply with the requirements of ORS 426.120(2)(a), because it did not "include a recommendation as to the type of treatment facility best calculated to help the person recover from mental illness." However, assuming without deciding that it was error for the trial court to conduct the hearing absent that information, we decline to exercise our discretion to correct it because, on this record, the examiner's omission of a recommendation would not have affected the trial court's decision to commit appellant. *See State v. C. T.*, 333 Or App 718, 723, ___ P3d ___ (2024) ("[W]e are reluctant to declare an omission of that information from the examiner's report to be universally harmless. On this specific record, however, we conclude that the error was not sufficiently grave to warrant the exercise of our discretion.").

Affirmed.