No. 814 September 10, 2025 429

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. L. C.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

D. L. C.,
*Appellant.*

Clackamas County Circuit Court
23CC03804; A181722

Katherine E. Weber, Judge.

Argued and submitted May 13, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Appellant appeals from a judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting appellant from purchasing or possessing firearms based on the trial court's finding that, as a result of a mental illness, he is a danger to others. ORS 426.130(1); ORS 426.005(1)(f)(A). In appellant's sole assignment of error, he argues that (1) the trial court plainly erred when it failed to strictly comply with the statutory and administrative procedures for civil commitment, and (2) the trial court abused its discretion when it denied appellant's motion to hold the hearing at the hospital and allowed remote testimony. For the following reasons, we affirm.

Because the parties are familiar with the undisputed procedural facts in this case, we do not provide a recitation for this nonprecedential memorandum opinion. Appellant did not preserve the bulk of his arguments advanced on appeal. We begin with those arguments and then turn to the sole argument preserved for our review.

*Appellant's Requests for Plain-Error Review.* Appellant contends that the trial court plainly erred in entering the judgment of commitment, because the state failed to strictly comply with the statutory procedures outlined in ORS chapter 426, which made the proceeding fundamentally unfair in violation of appellant's due process rights. Specifically, appellant points to the following procedural issues: (1) appellant was not informed of the right to counsel and not given counsel at the appropriate time; (2) medical staff did not warn appellant about observation by medical staff; and (3) the examiners' appointment and their examination did not comply with the statutes and administrative rules. With respect to all arguments, appellant asserts that the failure to strictly comply with the protections and process detailed in ORS chapter 426 is plain and reversible error, citing *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024).

Appellant acknowledges that he did not preserve the purported errors, and he requests that we review for

plain error whether the trial court erred in conducting the commitment hearing and committing appellant despite the described procedural errors. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining that the general rule is that "an issue not preserved in the trial court will not be considered on appeal"); ORAP 5.45(1) (allowing discretionary review of "plain" errors). Relying on *T. C.*, appellant appears to assert that the alleged errors in civil commitment cases are not held to the same requirements as other cases with respect to the first step of the plain-error determination, *viz.*, whether an error is "plain." As we have explained, we disagree with that reading. *See State v. E. K. C.*, 337 Or App 362, 366-67, 562 P3d 1139 (2025) (explaining that *T. C.* applies to the "second step of plain-error analysis (whether to reverse based on plain error), not the first step (whether a plain error exists)"). Therefore, we proceed with our familiar approach to addressing whether a court committed plain error.

First, to constitute plain error, the error must be (1) an error of law, (2) obvious and not reasonably in dispute, and (3) apparent on the record without requiring the court to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Second, if all three parts of the plain-error test are satisfied, we must determine whether to exercise our discretion to review the error. *Id.* at 630; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

With that framing in mind, we turn to appellant's arguments. First, appellant argues that medical professionals at the hospital did not inform him of his right to counsel in violation of ORS 426.234(1)(a). ORS 426.234(1)(a) requires that a medical professional at the facility inform a person of his, her, or their right to representation, but it does not require that the professional document that information. Here, because appellant did not object or raise this contention before the trial court, there is no evidence or record developed about whether he was informed of his right. That is, we would have to go outside the record to accept appellant's argument that he was not notified by medical staff about his right to representation, because there was no

evidence presented that appellant was not notified of his right to counsel.

Appellant further contends that, because he was placed on an emergency hold in the hospital for the first four days of the week before counsel was appointed and because counsel was appointed on the Friday before a Monday hearing, the court did not appoint counsel "as soon as reasonably possible" in violation of ORS 426.100(3)(e). However, we conclude that it is not obvious that ORS 426.100(3)(e) required the trial court to appoint counsel earlier than it did. *See State v. C. T.*, 333 Or App 718, 719-21, 553 P3d 1070 (2024) (concluding that, when the appellant was placed on an emergency hold on Saturday, the trial court appointed counsel the following Friday, and the commitment hearing was held the following Monday, any error in appointing counsel on Friday was not plain because the alleged error was not obvious and was not apparent on the record). Therefore, any error in notifying appellant of his right to counsel or in the court's appointment of counsel was not plain.

Second, appellant argues that the trial court plainly erred in holding the commitment hearing and committing appellant when there was no evidence that appellant was warned about observations by medical staff pursuant to ORS 426.123(1). Assuming without deciding that those warnings were not given, we conclude that the trial court did not plainly err in holding the commitment hearing and committing appellant. *See State v. R. C.*, 298 Or App 280, 281-82, 443 P3d 742 (2019) (concluding that the failure to give the required warnings was not plain error because "a violation of ORS 426.123 is not grounds to dismiss a commitment proceeding" and the appellant had "not shown that the Due Process Clause plainly mandates a warning * * * before a trial court can lawfully proceed with a commitment proceeding").

Third, appellant argues that the trial court plainly erred when it conducted the commitment hearing and committed appellant despite the examiners' noncompliance with several statutory and administrative requirements. We have reviewed those arguments and conclude that, for the reasons articulated in *C. T.*, 333 Or App at 722-23, they

do not qualify for plain-error review: (1) the record is unclear regarding when the examiners received the appointment order and the timeline of their preparation for the examination; (2) it is not apparent on the record whether counsel was present at the examinations; (3) because there is evidence in the record that the examiners had phone calls with appellant prior to the hearing, it is not apparent on the record that the examiners did not initiate the examination prior to the hearing and, in any event, ORS 426.120(1)(b) expressly provides that "[a]ny failure to comply with this paragraph shall not, in itself, constitute sufficient grounds to challenge the examination conducted by an examiner"; and (4) as appellant explains, there is "no indication in the record" as to the manner of the examinations, and thus it is not obvious that the examiners failed to conduct a proper examination or that the examiners failed to conduct the required mental status examination and psychosocial history.

As to appellant's argument that the examiners did not include the required recommendation as to the type of treatment facility, a review of the record shows that both examiners recommended "inpatient psychiatric" treatment. Thus, appellant's argument does not qualify for plain-error review, and further, even if it did, we would not exercise our discretion to correct the error because it is not sufficiently grave on this record and a timely objection would have given the court an opportunity to address and resolve the error.

Finally, appellant contends that the court failed to strictly apply the statute determining the number of examiners and incorrectly determined who decides if there is an additional examiner. ORS 426.110 provides, in part:

> "The following requirements relating to the appointment of examiners for purposes of a hearing under ORS 426.095 or 426.701 and 426.702 apply as described:
>
> "(1)  The judge shall appoint one qualified examiner. If requested, the judge shall appoint one additional qualified examiner. A request for an additional examiner under this subsection must be made in writing and must be made by the person alleged to have a mental illness or the attorney for the person."

The record shows that the trial court appointed two examiners on the same day that the court appointed counsel for appellant, and we are unable to discern if appellant or appellant's attorney made a written request for a second examiner. However, even if the trial court erred, it is not clear—that is, "obvious" for plain-error review—that a violation of ORS 426.110(1) necessitates reversal. Moreover, even if the claim met all the requirements for plain-error review, we would decline to exercise our discretion to correct any error because the error is not grave, and this is the type of error that a timely objection would have given the court and the parties an opportunity to address and resolve.

*Preserved Challenge to Trial Court's Denial of In-Person Testimony and Hearing.* Appellant first argues that the trial court abused its discretion under ORS 426.095(1) when it held the hearing at the courthouse and not at the hospital, where appellant and his counsel were, or a place convenient to both the court and appellant. Appellant further asserts that the court abused its discretion when it failed to follow the process for allowing remote testimony pursuant to ORS 45.400(3). Appellant does not argue that the location or the remote nature of the hearing violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and thus we limit our review to the statutory arguments appellant presents. We addressed the same statutory arguments in *State v. A. M.*, 333 Or App 453, 459-60, 553 P3d 593, *adh'd to on recons*, 335 Or App 320, 558 P3d 75 (2024), and we determined that "ORS 426.095(1) does not expressly require an in-person hearing" and that a similar Presiding Judge order "supersede[d] the statutory authority on which appellant relies." Accordingly, we conclude that the trial court did not abuse its discretion by holding the hearing at the courthouse and permitting remote testimony.

Affirmed.