No. 840          September 24, 2025          619

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. S.,
*Appellant.*

Multnomah County Circuit Court
23CC05396; A182263

Jane W. Fox, Judge pro tempore.

Argued and submitted October 18, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Lani Augustine, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Appellant challenges a judgment committing her to the custody of the Oregon Health Authority for a period not to exceed 180 days pursuant to ORS 426.130(1)(a)(C), raising two assignments of error. First, appellant argues that the trial court plainly erred by failing to appoint counsel as soon as reasonably possible under ORS 426.100(3)(e), and that, in any event, counsel was ineffective and the court should have *sua sponte* substituted counsel; and, second, appellant argues that the trial court plainly erred when it admitted a report from an investigator when the investigator was not present at the hearing, as required by ORS 426.095(4)(d)(C). As we will explain, because we have previously held that it is not obvious or beyond reasonable dispute that ORS 426.100(3)(e) requires the court to appoint counsel "as soon as reasonably possible" after an emergency hold starts, and because we do not find any error regarding the admission of the investigative report to be plain or obvious, we affirm.

While appellant's history and factual circumstances are complex and difficult, we discuss only those necessary for our appeal. Appellant has a history of hospitalizations due to her bipolar disorder. The incident that led to the current hearing involved a security guard at a store in Portland on August 28, 2023. Appellant had been yelling in front of the store and when confronted by security had described herself as an ambassador with diplomatic immunity. After being asked to leave, appellant refused and brandished a large knife. The security guard eventually used pepper spray on appellant to stop her advances with the knife. Appellant was then subdued by police, who arrived soon thereafter, and was taken to Unity Hospital in Portland.

The court issued the citation for the commitment hearing on August 31, 2023. The order appointing counsel was signed on September 1, 2023, *nunc pro tunc* to August 31, 2023. On September 1, 2023, the court held the commitment hearing. Counsel appeared for appellant. The court read appellant her statutory rights, including that she had the right to counsel and that the court had appointed counsel to represent her "today." The court held the hearing with counsel participating on behalf of appellant. Counsel did

not object to the appointment or request any further time for preparation. During the hearing, the court admitted, without objection except for portions that were identified as hearsay, an examiner's report by an investigator named Kerwin, but the record does not indicate whether the investigator was present at the hearing. After receiving evidence, the trial court found that appellant suffered a mental illness and ordered her to the custody of the Oregon Health Authority. Appellant timely appealed.

As we noted earlier, both of appellant's assignments of error are unpreserved, and she asks us to review them under our plain error framework. *See State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006) (explaining the plain error analysis). An error is plain if it is (1) an error of law; that is (2) obvious, *i.e.*, not reasonably in dispute; and (3) appears on the face of the record without the court needing to choose between competing inferences to find it. *State v. Dillalo*, 367 Or 340, 344, 478 P3d 509 (2020). We review whether a trial court properly applied the civil commitment statutes for legal error. *See State v. K. R. B.*, 309 Or App 455, 457-58, 482 P3d 134 (2021).

Looking at the first assignment of error, we note that appellant's argument, to the extent it claims several errors, does not comply with ORAP 5.45, as it purports to identify several different legal rulings. *See Wood v. Taylor*, 307 Or App 688, 695, 479 P3d 560 (2020). We understand appellant's arguments to focus on two things: whether the trial court appointed counsel as reasonably as possible; and that because appellant argues that counsel was ineffective, the trial court should have *sua sponte* substituted counsel based upon her performance and other issues. We reject both arguments.

ORS 426.100(3)(e) states that, if a person is detained prior to the hearing, the right "to contact an attorney or * * * to have an attorney appointed may be exercised as soon as reasonably possible." In *State v. C. T.*, 333 Or App 718, 720, 553 P3d 1070 (2024), we held that, particularly in an unpreserved posture, we could not conclude that it was plain or obvious that the legislature intended to require a *court* to appoint counsel as soon as reasonably possible under ORS

426.100(3)(e), or whether it meant that the detained individual in a civil commitment proceeding had the right to seek counsel. 333 Or App at 720-21. Further, we noted that, without an objection, no record had been made about when it would have been "reasonably possible" to appoint counsel given the circumstances. *Id.* at 721. The same procedural and factual circumstances control our decision here. The citation in this case was issued on August 31, 2023, and the record is unclear as to exactly when counsel was appointed. Counsel appeared at the hearing and made no record about when she was appointed or whether it would have been reasonable to appoint her earlier. Without more, we cannot find any error, let alone a plain error.

Turning then to the argument about counsel's performance, we understand appellant's argument to be that the circumstances demonstrated that counsel was ineffective, and, thus, the court did not comply with its obligation to appoint competent counsel under ORS 426.100. That argument, however, requires us to consider what the court should have done in that instance, and we agree with the state that *State v. M. T.*, 334 Or App 453, 556 P3d 1059 (2024), should guide our decision here. In *M. T.*, we rejected the argument that a court had a duty to evaluate counsel's performance during the hearing, and, if not satisfied, *sua sponte* substitute counsel, absent some evidence that counsel had created circumstances that were either adversarial to their client or otherwise made continuing representation untenable. *Id.* at 461-62. Appellant's argument here requires us to engage in the same analysis. Appellant has not identified any behavior or other circumstances in the record that would cause us to conclude that the threshold identified in *M. T.* was met, and our independent review of the record does not reveal any such incidents.

Regarding appellant's second assignment of error, she argues that Kerwin, the investigator who drafted the examiner's report, was not present at the hearing, and, thus, the admission of Kerwin's report into evidence was a violation of ORS 426.095(4)(d)(C). ORS 426.074 requires an investigation report to be prepared for the trial court, and ORS 426.095(4)(d) requires that the report be introduced

into evidence, subject to certain limitations. ORS 426.095 (4)(d)(C) states:

> "Neither the investigation report nor any part thereof shall be introduced into evidence under this paragraph unless the investigator is present during the proceeding to be cross-examined or unless the presence of the investigator is waived by the person alleged to have a mental illness or counsel for the person."

As noted above, appellant asserts that Kerwin was not present, and that appellant did not waive Kerwin's presence under ORS 426.095(4)(d)(C). We disagree that the record conclusively demonstrates that Kerwin was not present and available for cross examination. The transcript includes an introductory portion where people who would be testifying and lawyers stated their names for the record, but there is no discussion about Kerwin or whether Kerwin was present at the hearing. Further, the state discussed not calling particular witnesses to shorten the hearing, and counsel did not object or mention Kerwin. Based on counsel's limited objection during the admission of the investigative report (hearsay for portions of the document), the record does not demonstrate that Kerwin was absent. The alleged error therefore does not appear on the face of the record, and resolution of it would require us to choose between competing inferences. In those circumstances, any error is not plain. *See C. T.*, 333 Or App at 722 ("For an error to be 'plain,' it must be apparent on the face of the record. We cannot find plain error based on speculation in the face of a silent record." (Internal citation omitted.))

Affirmed.