No. 1001 November 19, 2025 131

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. K.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. K.,
*Appellant.*

Multnomah County Circuit Court
24CC02851; A184644

Erin E. Kirkwood, Judge.

Submitted August 13, 2025.

David Boyer and Disability Rights Oregon filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Appellant appeals from a judgment committing him to the Oregon Health Authority for up to 180 days and prohibiting appellant from purchasing or possessing a firearm. We affirm.

Appellant makes two arguments in support of a single assignment of error that the trial court erred in its finding that there was clear and convincing evidence in the record that appellant was a person with a mental illness at the time of his hearing.

First, appellant argues that the record lacked clear and convincing evidence that appellant had a mental disorder at the time of the civil commitment hearing that would cause appellant to be dangerous to himself or unable to meet his basic needs under ORS 426.005(1)(f)(A) and (B) and ORS 426.130. "[W]e review whether the state presented sufficient evidence to support appellant's civil commitment for legal error, and we view the evidence in the light most favorable to the trial court's decision." *State v. C. W.*, 333 Or App 400, 402, 553 P3d 577 (2024). We conclude that the trial court did not err because viewing the evidence in the light most favorable to the state, there was sufficient evidence for the trial court to find that appellant's schizoaffective disorder caused appellant to be disorganized and agitated, which in turn caused him to fail to treat his high blood pressure—putting him at risk of cardiac arrest and stroke.

Under ORS 426.005(1)(f)(A), a person is a "danger to self" if the evidence establishes that "an individual's mental disorder * * * cause[s] the individual to act in a way very likely to result in physical harm in the near future." *State v. C. C.*, 258 Or App 727, 731, 311 P3d 948 (2013) (citing *State v. T. R. O.*, 208 Or App 686, 691, 145 P3d 350 (2006)). Under ORS 426.005(1)(f)(B), a person meets the "basic needs" definition "if the person is unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019).

Evidence that an individual's mental disorder is causing them to refuse to take blood pressure medication, and that the individual is at high risk for stroke or heart attack without that medication "right away," may support a trial court's findings that the individual is a danger to themselves and cannot care for their basic needs. *State v. N. G.*, 337 Or App 258, 260-61, 563 P3d 402 (2025). In this case, the trial court relied on the testimony from the psychiatric nurse practitioner who treated appellant, the testimony of a staff member from appellant's residence, and the mental health examiner report. The psychiatric nurse practitioner testified that appellant was not willing to engage in conversation about returning to his medications for his schizoaffective disorder, and that she did not believe that appellant would take medication to treat his blood pressure or heart conditions because of his disorganization. The nurse practitioner also testified that appellant had severe high blood pressure and a very low heart rate, which put appellant at a very high risk of imminent cardiac arrest or stroke. The staff member testified that appellant stated he had not been taking his medications, potentially for over six months, and was not willing to do so. Additionally, the mental health examiner report stated that appellant's blood pressure was at severely high levels, but that appellant did not seem concerned about his health issues, did not believe that he had any cardiovascular problems, and did not want any medication.

The trial court relied on that evidence to conclude that appellant was disorganized, illogical, irritable, and agitated, that appellant would not take his blood pressure medication if released, and that as a result, appellant was at a very high risk of imminent stroke and cardiac arrest. Therefore, the trial court's findings were supported by the evidence in the record, and the trial court did not err in finding that appellant was a danger to himself and unable to provide for his basic needs. *See N. G.*, 337 Or App at 260 (concluding that, under similar circumstances, the evidence "supports the court's findings that [the] appellant's schizophrenia caused her refusal to take her blood pressure medication and that, without the medication, she posed a high risk for a stroke or heart attack," and therefore "the court

did not err when it found that [the] appellant was a danger to herself and could not care for her basic needs").

In his second argument in support of the assignment of error, appellant argues that the proceedings included significant due process violations that undermined his ability to have a fair hearing. We do not reach those arguments because appellant failed to preserve them in the trial court and has not requested plain error review. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)).

Affirmed.